Barnes v. Glover.

LANDLORD and tenant: surrender of lease: statute of frauds.

---

A. D. BARNES, Defendant in Error, v. W. A. GLOVER, Plaintiff in Error.

Kansas City Court of Appeals, February 1, 1897.

Appellate Practice: TRIAL BY COURT: INSTRUCTIONS. When the trial is by the court and the evidence is sufficient to support the finding and the instructions do not submit hypothetical states of the case as applicable to the disputed evidence, the appellate court is without any record as to the view of the law the trial court entertained, and must affirm the judgment.

*Error to the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*A. S. Marley* for plaintiff in error.

(1) Barnes paid the debt to relieve his own land of the incumbrances existing at the time of his purchase, and for the payment of which debt the land was the primary fund. *Atherton v. Toney,* 43 Ind. 215; *Hancock v. Fleming,* 103 Ind. 535. (2) When an incumbrance is paid by one whose duty it is by contract or otherwise to pay it, such payments effect a release or discharge of the debt and it can not thereafter be kept alive for any purpose. *Carlton v. Jackson,* 121 Mass. 592; *Heim v. Vogle,* 69 Mo. 592; *Bunch v. Grave,* 111 Ind. 351; Pomeroy's Eq. [2 Ed.], sections 797 and 1206; *Dickinson v. Williams,* 129 Mass. 182; *Biggins v. Brockman,* 63 Ill. 316; *Robins v. Swain,* 68 Ill. 197; *Gayle v. Wilson,* 30 Grattan, 166; *Guernsey v. Kendail,* 55 Vt. 201; *Cox v. Wheeler,* 7 Paige, 248. (3) Subrogation will not be granted at all when the discharge or cancellation of the mortgage was made with the knowledge or with the means of knowledge of all the facts, but in ignorance of the legal effect of such acts. *Garwood v. Ellridge,* 1 Green's Ch. (N. J.) 145; *Atkinson v. Angert,* 46 Mo. loc cit. 519. (4) Barnes having accepted a conveyance of the property and caused the cancellation of the second deed of trust this debt was then merged into his estate. *Dickinson v. Williams,* 129 Mass. 182; *Fitch v. Cotheal,* 2 Sandf. Ch. (N. Y.) 29; *Atkinson v. Angert,* 46 Mo. *loc. cit.* 518; *Collins v. Almstedt,* 13 Mo. App. *loc. cit.* 273.

*Lathrop, Morrow, Fox & Moore* for defendant in error.

(1) The plaintiff below in his petition set forth the execution of Glover's notes by Glover and their subsequent purchase from Askew by Barnes; the defendant below answered admitting the execution of the notes and their subsequent purchase from Askew by Barnes, but further pleaded an agreement to release Glover from personal liability. The trial court found for plaintiff below. It must necessarily have found that the alleged agreement had no existence in fact, and having so found, no equitable defense having been pleaded, it was bound, upon the pleadings alone, to give plaintiff judgment for the amount of the notes. (2) The judgment was within the scope of the pleadings. In the absence of any showing to the contrary, it will be assumed to have been predicated upon sufficient evidence. *Jordan v. Buschmeyer*, 97 Mo. 94; *Lawless v. Lawless*, 47 Mo. App. 523, 529. (3) Since the only affirmative defense pleaded in the answer of defendant below was an alleged release from liability by a specific agreement, the new defense now urged by counsel for plaintiff in error can not be considered. The judgment rendered below is conclusive as to all other questions which might have been raised, but were not. *Railroad v. Levy*, 17 Mo. App. 501, 507, 508, and cases there cited; *Chouteau v. Gibson*, 76 Mo. 38, 46.

ELLISON, J.—Plaintiff sued defendant for $968, and interest since May 12, 1888, being the sum represented by two notes which defendant executed and delivered to plaintiff. Judgment was given for plaintiff on a trial before the court without the aid of a jury. The petition is voluminous and the facts are too numerous and complicated to permit of their being stated

in detail, and in view of our conclusion in the case it is unnecessary to so state them.

It seems that in 1887, defendant and his partner, being real estate agents, sold to plaintiff, who resided in a distant state, two lots in Kansas City belonging to one Pelletier, and, as an inducement for plaintiff to purchase, defendant guaranteed to plaintiff that he would realize a profit, within a specified time, of fifty per cent of the amount of the cash payment made by plaintiff on the lots. This profit, which would have amounted to $968 (including interest), was not realized by plaintiff, and defendant, being obliged to make it good, purchased the lots of plaintiff subject to the mortgage securing the notes which plaintiff had given as balance of the purchase money. Defendant then executed to plaintiff his two notes aforesaid for $484 each, and gave back to plaintiff a deed of trust on the property, being second to the mortgage which plaintiff had given to Pelletier for the balance of original purchase money. Plaintiff having received these two notes of defendant, surrendered to him his written guaranty of profit aforesaid. Afterward defendant sold the lots to other parties, they assuming the payment of the original purchase money notes made by plaintiff and the two notes given by defendant to plaintiff as just stated. These purchasers failed to pay plaintiff's notes to Pelletier for the original purchase money which they had thus assumed and Pelletier being about to foreclose they gave up the property and deeded it to plaintiff. After the plaintiff thus became the owner of the property the second time, defendant purchased the original notes given by plaintiff for balance of purchase money, though plaintiff seems not to have known this. Plaintiff afterward paid off these notes supposing he was paying them to Pelletier. In the transactions

between the parties plaintiff assigned his two notes against defendant representing the guaranty aforesaid to one Henderson, and the latter sold them for plaintiff to one Askew. Finally plaintiff paid the amounts due to Askew and took up the notes, canceling them and releasing the mortgage securing them. Defendant alleges that plaintiff repurchased the notes from Askew with the agreement as a part of the consideration of the purchase that plaintiff would not claim any personal liability against defendant on the notes.

Plaintiff's petition alleges that he was misled, misinformed, and deceived by defendant's actions and conduct and that defendant was endeavoring by his line of action to secure the cancellation of his said notes without paying them and that he succeeded in so inducing plaintiff into such a line of action as had that result. The prayer is for judgment for a sum which equals the amount of the notes and interest.

Defendant fails to set out evidence in his own behalf but concedes that since the court found for plaintiff the evidence in behalf of the latter must be accepted as true. The answer consists of a general denial of the petition and the affirmative defense that the notes of Glover were given to plaintiff and afterward sold by plaintiff to Askew and afterward sold back to plaintiff by Askew, plaintiff agreeing as part of the consideration to release Glover from all personal responsibility. Now plaintiff's evidence is sufficient to justify the finding for him; unless the defendant's defense is made out. The court in finding for plaintiff, we must assume, found it was not. And there is nothing in the abstract to show that such finding has no foundation. If all stated in plaintiff's petition is true, he is entitled to recover. The evidence is sufficient to support the court's finding thereon. There is

nothing to authorize us to interfere with the court's refusing to believe the new matter set up.

In short, the evidence shows enough to prevent us from saying the court had no authority to find for plaintiff; and on the other hand the evidence for defendant is not of such character as to justify us in saying that the court should have found in favor of the agreement set up by defendant.

The matters at issue having been submitted to the court without a jury, and the court having found for plaintiff, has left defendant at great disadvantage in an appellate court. We are not prepared to dispute the propositions of law advanced by defendant, but no proposition of law (save as stated below) was presented to the trial court, save what might arise on the sufficiency of the petition itself and the proof thereunder. Defendant asked the court to declare as a matter of law that under the evidence the *debt* represented by the defendant's notes was canceled. This the court could not do if the plaintiff's theory was believed. And so the same may be said as to the last declaration found in defendant's abstract. The court could not declare the law as therein requested if plaintiff's theory of facts was believed. We are not able to ascertain what view of the law the trial court may have had, for, as just stated, if the court believed plaintiff's theory as the evidence tended to establish it, the instructions were necessarily refused. There were no declarations submitting a hypothetical state of case as applicable to disputed evidence and asking the courts' opinion of the law; thus leaving us without any record as to what view of the law the court may have entertained.

We must, therefore, affirm the judgment. All concur.

APPELLATE practice: trial by court: instructions.