EDWARD H. GUNDLACH, Respondent, v. GEORGE J. BECK, Appellant.

St. Louis Court of Appeals, December 14, 1909.

1. NEGLIGENCE: Driving Vehicle: Injury to Animal: Sufficiency of Evidence. In an action for damages to a horse alleged to have been caused by defendant's negligently driving a heavily loaded vehicle over its hoof, a verdict for plaintiff finds support in evidence that tends to prove there was room for defendant's driver to have veered far enough to clear plaintiff's horse, without difficulty or inconvenience.

Gundlach v. Beck.

2. ————: ————: ————: **Contributory Negligence: Instructions.** Evidence that plaintiff's driver held the horse until the front wheel of defendant's wagon had passed and then released him, thereby causing him to make a jump, which brought his foot in the way of the rear wheel, was a proper predicate for an instruction declaring that if such facts were found to be true, plaintiff's driver was guilty of contributory negligence.

3. ————: ————: ————: **Instructions.** Evidence that defendant's driver turned his team and wagon far enough away from plaintiff's horse to leave room for any unexpected movement of the horse, unless it was of considerable sweep, and the horse, although not previously held, moved far enough to get in the way of the wheel, was a proper predicate for an instruction declaring that if such facts were found to be true, defendant's driver was not guilty of negligence.

4. ————: ————: ————: **Last Chance Doctrine: Instructions.** In an action for injuries to plaintiff's horse by his foot being run over by the hind wheel of defendant's truck, an instruction that plaintiff could not recover if the driver failed to move the horse "clear of all apprehended danger" of defendant's approaching heavily loaded wagon was erroneous, since if the horse was in danger after plaintiff had changed his position pursuant to defendant's driver's request, and the latter drove over the horse's foot, without exercising due care to avoid doing so, notwithstanding he could see the danger, plaintiff could recover despite the failure of plaintiff's driver to lead the horse as far out of the way as he might have done.

5. **INSTRUCTIONS: Assuming Disputed Facts.** A declaration of law assuming as an undisputed fact a circumstance questionable under the evidence was properly refused.

6. **TRIAL PRACTICE: Province of Trier of Fact: Conflicting Evidence.** Where different conclusions may be derived from the testimony, it is for the trier of the facts to adopt the one it believes to be true.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Frank A. C. McManus* and *J. P. Vastine* for appellant.

(1) Defendant did not file any written answer. Any lawful defense which the facts might develop was

available to him." Holmes v. Leadbetter, 95 Mo. App. 425. (2) In courts of record, contributory negligence is an affirmative defense and must be pleaded. The suit at bar originated before a justice; there the general issue obtained and, under it "the defendant may show any matter which tends to defeat the plaintiff's action." The defense was that defendant was careful and plaintiff was negligent. Hornsby v. Stevens, 65 Mo. App. 189; Shearman v. Rockwood, 26 Mo. App. 403; Ray v. Railroad, 25 Mo. App. 104; Loefel v. Hoss, 11 Mo. App. 133. The violation of a duty specified by law is negligence. Clemens v. L. E. L. Co., 44 La. Ann. 692. The mere happening of an injury is not ground for inferring negligence. Hornstein v. Railroad, 97 Mo. App. 278. There must be negligence in the defendant before plaintiff can contribute to its injurious results. Railroad v. Hall, 87 Ala. 708. The mere fact that the plaintiff left his "horse and vehicle" unattended and unhitched on a public street in a city, is sufficient evidence of a wrongful act to prevent plaintiff's recovery in this case, when all the facts in this particular cause are considered. Prosecutor v. Lauer (N. J. Sup.), 55 N. J. L. 205; Groom v. Kavanaugh, 97 Mo. App. 262; Beckerle v. Weiman, 12 Mo. App. 355; G. S., sec. 9458, vol. II, p. 2197 (last part of sec.), 26 Atl. 180. Where the actions or omissions of a duty on the part of plaintiff or his agents, assisted in bringing about an injury, no recovery can be had. Elengreen v. Railroad, 102 Minn. 41; Payne v. Railroad, 129 Mo. 419; Dixon v. Railroad, 109 Mo. 413; Weller v. Railroad, 164 Mo. 195; G. S., sec. 9458, vol. II, p. 2197. A person leaving a "horse and vehicle" on the street, must use such care in fastening the animal (or controlling him), as a prudent person would exercise under similar circumstances. Becker v. Schulte, 85 Mo. App. 57. The "last chance doctrine" applies to plaintiff's man. He should have kept his horse from prancing into the hind wheel or wheel spokes of defendant's slowly passing wagon.

Thompson v. Railroad, 16 Utah 281; Meyers v. Transit Co., 99 Mo. 371; Klockenbuick v. St. Louis & M. Riv. Co., 81 Mo. App. 356, and cases cited; McAndrews v. Railroad, 83 Mo. App. 233; McAndrews v. Railroad, 88 Mo. App. 376; Guenther v. Railroad, 108 Mo. App. 21; Reardon v. Railroad, 114 Mo. App. 406; Sinclair v. Railroad, 133 Mo. App. 239; Morgan v. Railroad, 159 Mo. App. 280. Where there has been mutual negligence and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained. Oglesby v. Smith, 38 Mo. App. 71; Huelsenkamp v. Railroad, 37 Mo. 537; Insurance Co. v. Werlein, 42 La. Ann. 1046, 8 So. 435; Evans v. Express Co., 122 Ind. 362 (23 N. E. 7039).

*Julius T. Muench* for respondent.

(1)  Under the "last chance" doctrine, even if respondent's servant was negligent in leaving his horse and wagon where he did, if appellant's driver saw them in the position they were in and by the exercise of reasonable care could have avoided injuring the horse, appellant was properly held liable for the injury done. Wynn v. Railroad, 121 Mo. App. 623; Rapp v. Transit Co., 190 Mo. 144; Jager v. Railroad, 114 Mo. App. 10; Ross v. Railroad, 113 Mo. App. 600; Waddell v. Railroad, 113 Mo. App. 680; Campbell v. Transit Co., 121 Mo. App. 406; Woods v. Railroad, 188 Mo. 229; Hinzeman v. Railroad, 199 Mo. 56; Reyburn v. Railroad, 187 Mo. 565; Kellny v. Railroad, 101 Mo. 67; Klockenbrink v. Railroad, 172 Mo. 678.  (2)  The trial below having been before the court without a jury, the finding of that court on the facts will not be disturbed, where there is substantial evidence to support it.  Fruin & Colnon v. Meredith, St. Louis Court of Appeals, Nov. 16, 1909 (not yet officially reported), and numerous other cases  in this State.

GOODE, J.—A driver of a team belonging to defendant and hitched to a heavily loaded freight wagon, drove a wheel of the wagon over a foot of one of plaintiff's horses, injuring the animal, and this action was brought to obtain compensation, the damages being laid at $150. The case was tried first before a justice of the peace and then in the circuit court without a jury, resulting in a verdict and judgment for plaintiff for $70. The accident occurred at the northwest corner of Poplar and Seventh streets in the city of St. Louis, the former being an east and west and the latter a north and south thoroughfare. On the corner is the wholesale grocery establishment of Adam Roth, in a house standing on the north side of Poplar street, with a platform extending over the pavement for the convenience of loading and unloading wagons. In the center of Poplar are railway tracks and on the south side were piles of lumber. The Roth platform and the piles of ties or lumber in the street, took up part of it which otherwise would have been available as a driveway; but the testimony proves there was room left for wagons and teams to pass between the lumber on the south side and the platform on the north side. A one-horse wagon belonging to plaintiff had been driven to the Roth Company's establishment and backed against the platform so as to stand north and south with its rear end to the platform, the horse having been turned in the shafts so he stood at right angles to the wagon and facing east. While the vehicle and horse were in those positions, a two-horse loaded freight wagon belonging to defendant and driven by one of its employees, drew near. The driver requested the driver of plaintiff's wagon to turn plaintiff's horse to the west so defendant's wagon and team could more conveniently pass to the west, in which direction they were going. In response to the request plaintiff's driver did turn his horse so he faced the west and thereupon defendant's driver said "he could pass all right;" and the evidence goes to show he could

have passed if he had drawn his team far enough toward the south part of the street or the horse had not moved. In consequence of his failure to do so, or a movement of the horse, the right wheels of the wagon, or one of them, passed over the hoof of plaintiff's horse at the junction of the hoof with the ankle. The horse reared and when examined was found to be seriously injured. A witness of the accident said defendant's driver veered far enough to the south to clear plaintiff's horse if the latter had stood still, but that he suddenly jumped in front of the rear wheel of defendant's wagon after the front one had passed him safely. There was testimony plaintiff's driver held his horse until the front wheel had passed and then released the bridle or line, when the horse changed position so as to get before the rear wheel. The cause of action stated is driving the wagon belonging to defendant over the leg and hoof of plaintiff's horse; an act charged to have been due to the carelessness of the servant of defendant who did the driving. The verdict finds support in the evidence, inasmuch as it was proved there was room for the driver of defendant's team to veer to the south far enough to clear plaintiff's horse and wagon, and that this might have been done without difficulty or inconvenience. Plaintiff requested no declarations of law, but defendant requested seven, all of which were refused. These declarations fill many pages and are too long to be copied, considering the small sum in controversy, but they have been studied. We do not agree with the proposition of counsel for plaintiff that contributory negligence had no place in the case. He contends the only principle applicable relates to the duty of defendant's driver, after he saw plaintiff's horse was exposed to peril by the advance of defendant's wagon, to avoid hurting the horse, if this could be done by the use of reasonable caution. This principle is applicable on one inference which might be drawn from the evidence, namely, that defendant's driver knew he might run against the horse

even after its position had been shifted; but it was not applicable in every phase of the evidence. Common prudence required defendant's driver to turn far enough to the south to pass the horse without striking him or running over his foot. And in endeavoring to do this, said driver should have taken into consideration not only the position of the horse, but the possibility of a slight shifting of its position. In other words, should not have so driven as barely to graze the animal, thereby taking an unnecessary chance of hurting him. Part of the evidence goes to prove defendant's driver exercised proper care, the injury resulting from the horse veering in front of the hind wheel after the front wheel of the wagon had passed. Other evidence goes to prove plaintiff's driver held the horse until the front wheel of defendant's wagon had passed and then released him, thereby causing the horse to make a jump which brought his foot in the way of the rear wheel. If this is true, plaintiff's driver was guilty of negligence contributing to the accident and there ought to have been no recovery. And if defendant's driver turned so far to the south as to leave room for any unexpected movement of the horse, unless it was of considerable sweep, and the horse although not previously held, moved far enough to get in the way of the wheel, it cannot justly be said the driver was guilty of negligence, and there ought to have been no recovery. Defendant was entitled to predicate these different aspects of the case in appropriate declarations of law, and have the court declare what the result should be upon each supposition. But the requested declarations were not well drawn; for some asked a determination of the cause by an erroneous rule of decision, and others lent undue influence to certain facts. For instance, the first declaration requested would have defeated a recovery if plaintiff's driver failed to move the horse "clear of all apprehended danger" of defendant's "approaching heavily ladened wagon." That declaration of law was

unsound. If the horse was still in danger after plaintiff's driver had led him toward the platform, pursuant to defendant's driver's request, and the latter could see the danger and drove over his foot without exercising due care to avoid doing so, the verdict should have been for plaintiff despite the failure of plaintiff's driver to lead the horse as far out of the way as he might have done. The second declaration took for granted, as an undisputed fact, that plaintiff's driver held the horse, or remained at his head until the front wheels of the wagon had passed; but this supposed fact was questionable under the evidence. And so, in all the declarations there was either an error of doctrine, or a fact, regarding which the evidence was contradictory, was taken for granted, or undue importance was given to one or more facts. As different conclusions could be derived from the testimony, it was for the court, as trier of the facts, to adopt the one it believed was true. The declarations requested by defendant being unsound, no error occurred in refusing them, and the judgment will be affirmed. All concur.