W. W. UNDERWOOD, Appellant, v. OREGON COUNTY.—8 S. W. (2d) 597.

Division One, July 3, 1928.

*T. W. Mesara* and *J. L. Bess* for appellant.

516

GENTRY, J.—This suit was instituted in the Oregon Circuit Court, the venue being changed to Texas County; it is an action in seven counts, each based on Section 11640, Revised Statutes 1919. In the first count of the petition, plaintiff stated that on July 7, 1922, an emergency existed at Thayer, in Oregon County, by reason of a certain railroad strike; that great excitement prevailed in the town and numerous disturbances were constantly arising between the union and non-union employees of the Frisco Railroad, all of which greatly disturbed the peace and quiet of the community. It was further alleged that these facts were called to the attention of the sheriff, who being satisfied that such an emergency existed, issued to plaintiff a special commission as deputy sheriff of that county for the purposes incident to the emergency aforesaid, and directed him to proceed to Thayer and there serve for a period of thirty days or until such emergency should terminate. It is further alleged that in obedience to such commission, plaintiff went to Thayer and faithfully performed the duties enjoined on him, remaining on duty for a period of thirty days, preventing divers assaults, affrays and disturbances and performing all other and further services necessary for the prevention of riots and disturbances. For such thirty days' services he asked judgment for two dollars per day.

The second count was the same, only the date of the plaintiff's commission was August 7, 1922; the third count was the same, only the

date of plaintiff's commission was September 6, 1922; the fourth count was the same, only the date of plaintiff's commission was October 6, 1922; the fifth count was the same, only the date of plaintiff's commission was November 6, 1922; the sixth count was the same, only the date of plaintiff's commission was December 6, 1922.

The answer denied that an emergency existed such as would authorize the sheriff to appoint a special deputy sheriff to be paid by Oregon County, denied that there were numerous disturbances and affrays between union and non-union employees of the Frisco Railroad at Thayer. The answer then alleged that shortly after the strike at Thayer, the Attorney-General of the United States obtained an injunction against the men engaged in such strike, that deputy United States marshals were sent to Thayer to protect the property and that the railroad was taken over and operated under the supervision of the United States Court. It is further alleged that the plaintiff was employed by the Frisco Railroad Company during the time that he was at Thayer and paid five dollars per day for his services, in full satisfaction and discharge of his claim for such services.

A trial before the court without a jury resulted in a verdict for plaintiff on the first count for ten dollars and a judgment for the defendant on the remaining counts. The trial court then adjudged all the costs against the plaintiff. A motion for a new trial being unavailing, plaintiff has appealed.

In support of his claim, plaintiff produced the seven commissions, all signed by the Sheriff of Oregon County, appointing plaintiff special deputy sheriff and dated July 7, 1922, August 7, 1922, September 6, 1922, October 6, 1922, November 6, 1922, and December 6, 1922. Plaintiff testified that the Sheriff of Oregon County executed these commissions, that plaintiff was sworn as shown on the back of each commission and that he went from his home, some eighteen miles from Thayer, for the purpose of acting as special deputy sheriff during a strike of the Frisco Railroad employees at Thayer, being assured by the sheriff that the county would pay him two dollars per day. Plaintiff also testified that it was agreed that he was to have an additional five dollars per day from the railroad company. He testified that he worked under the first commission for five days, and that on July 12, 1922, the strike had grown to such proportions that the Federal court issued an injunction against the strikers and those aiding in the disturbances. He admitted that he was employed by the railroad company as a watchman to guard the railroad property and shops, but insisted that such employment in no way conflicted with his duties as deputy sheriff. He also testified that he performed both duties continuously until about February 15, 1923, and admitted receiving pay from the railroad company for

the time he is now claiming compensation from the county. He further testified to various disturbances at the Frisco Depot, on the streets and in and near a bank. He said it was necessary for him to board in a railroad car, owing to the sentiment in favor of the strikers being so strong he could not get his meals at a restaurant or cafe. He claimed to have worked twelve hours a day and was subject to call at all times, day or night. Thayer is a city perhaps of 1800 people, a majority of whom were members of the railroad union. There was some evidence to the effect that the understanding was that the deputy sheriffs appointed were to be paid by the railroad company, and some evidence to the effect that plaintiff worked only a few days, perhaps five days, when the United States officials took possession as heretofore stated. No instructions were asked and none were given, and no objections were made and no exceptions saved to the admission of evidence. The points made by plaintiff for the reversal are, first, that the court should have entered judgment in his favor for the amount asked in each count and that the costs should have been adjudged against the defendant.

I. This being an action at law, and the same having been tried before the court, the presumption to be indulged in is that the court tried the case on the proper theory and entered the proper judgment. If the defendant wished to preserve for review in this court the law regarding the right of the sheriff to appoint him on each one of the five occasions, and the question of his services during each thirty-day period, he should have presented such matters to the court in appropriate declarations of law. Then, if said declarations had been overruled, this court could have determined whether the ruling of the trial court was correct or not. As the record now stands, the presumption must be indulged that the trial court decided the case according to the correct theory. We are not favored with a brief by the defendant, so must ascertain as best we can the theory advanced by it. As the trial court found for the plaintiff on the first count and entered judgment in his favor for ten dollars we must assume that the court found that plaintiff's services in behalf of the county only continued for five days. Such finding is not without substantial evidence. In view of the failure to present its theory of law to the court in appropriate declarations, it becomes our duty to say that the action of the trial court must be considered correct. This rule of law is both old and new. [Taylor v. Russell, 8 Mo. 503; Bank v. Sollars, 190 Mo. App. 284.]

II. But the learned trial judge erred in taxing the costs of the case against the plaintiff. Section 1694, Revised Statutes 1919,

provides that the party prevailing shall recover his costs. The fact that plaintiff recovered judgment for only ten dollars on the first count when he asked for more, did not justify the taxing of the costs against him.

While Section 2436, Revised Statutes 1919, provides that the circuit court shall have concurrent jurisdiction with justices of the peace in all civil actions for the recovery of money when the sum demanded shall exceed $50, this statute does not apply to suits against a county, as there is a special statute applicable to such suits. Section 9506, Revised Statutes 1919, says: "All actions whatsoever against any county shall be commenced in the circuit court of such county," thereby depriving the justice of jurisdiction in such suits. This statute has been twice construed, and each time it has been held that a suit against a county cannot be instituted in the justice court. [Gammon v. Lafayette County, 79 Mo. 1. c. 225; Kansas City Sanitary Co. v. Laclede County, 269 S. W. 1. c. 397.] In the last-named case, Judge Blair, after reviewing the authorities, announced the doctrine that a justice of the peace could not entertain jurisdiction in an action against a county.

For the reasons herein stated, the judgment of the circuit court for ten dollars on the first count is affirmed, but the cause is remanded to that court with directions to tax the costs of the case against the defendant. All concur.