CHARLES O. WOOLLEY ET AL., RESPONDENTS, v. GOTTLOB DORL ET AL., APPELLANTS.—93 S. W. (2d) 1098.

Kansas City Court of Appeals. May 4, 1936.

*Embry & Embry* for respondents.

*Harry H. Kay* and *R. W. Starling* for appellants.

CAMPBELL, C.—The parties waived a jury and submitted the cause to the court upon the evidence introduced on a former trial of this cause. The judgment was for the plaintiffs in the sum of $727.95. The defendants have appealed.

In the former trial plaintiffs had a judgment which, upon appeal to this court, was reversed and the cause remanded. In the opinion (68 S. W. (2d) 869) the issues and facts were fully and concisely stated and we therefore consider it unnecessary to restate them.

The defendants contend that the judgment of the trial court was not sustained by any evidence. This court, in determining the former appeal, said: ". . . there is no evidence that any of the property taken over by the defendants as executors of the estate of Wilhelmina Dorl was left by Gottlob Dorl or the proceeds thereof." We have again examined the record and are decidedly of the opinion that the holding in the former appeal to the effect that there was no evidence tending to show that the defendants as executors received any property which was devised or bequeathed by the will of Gottlob Dorl was correct. In the absence of such proof the plaintiffs were not entitled to recover.

The plaintiffs seek to sustain the judgment upon the theory that as no declarations of law were requested or given the finding of facts of the trial court is conclusive on appeal. The rule invoked does not apply for the reason that there was no evidence upon which to base the judgment. The court, though not requested to do so, made finding of facts. The finding of facts by the court of its own motion must be disregarded in determining questions presented on review. [State ex rel. Sullivan County v. Maryland Casualty Co., 66 S. W. (2d) 537.] The judgment is reversed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed. All concur.