Mattie A. Conley, Appellant, v. Crown Coach Company, a Corporation.—159 S. W. (2d) 281.

Division One, February 26, 1942.

*Kelsey Norman* and *Henry Warten* for appellant.

*Roy Coyne* and *Emerson Foulke* for respondent.

1246

DALTON, C.—Action for damages alleged to have been occasioned by the negligence of defendant. Defendant denied generally and pleaded contributory negligence. A jury was waived, the cause tried to the court and judgment entered for defendant. Plaintiff has appealed. We have jurisdiction because the amount sued for exceeds $7,500.

About 6 P. M. on July 8, 1939, plaintiff was driving her automobile south on U. S. Highway No. 71, near Peculiar, Missouri. Charles W. Prettyman was driving his automobile south on the same highway in front of plaintiff's automobile. J. F. Calloway was driving an open stake bed Chevrolet truck north on the same highway. Defendant's bus was being operated north on the same highway, behind the Calloway truck. The highway was straight, level and paved with concrete. The pavement was 18 feet wide with a black mark along the center line. As the two vehicles traveling south approached the two traveling north, the driver of the bus pulled out to pass the truck ahead of him. When he saw the Prettyman car approaching from the north and some 300 feet away, he immediately pulled back into line on his own side of the highway. Mr. Prettyman, upon seeing the bus pull out, put on his brakes and slowed down. Plaintiff, driving behind Mr. Prettyman, was unable to stop without hitting the Prettyman car, and turned southeastwardly (to her left) and passed across the east side of the highway in front of the approaching truck and bus. Her automobile went across the east shoulder, across a ditch and into a

fence on the east side of the highway, with resulting injury to her and damage to her automobile.

The petition charged defendant with (1) failure to exercise the highest degree of care in the operation of the bus in view of traffic and other conditions (Sec. 8383, R. S. 1939, Mo. Stat. Ann., Sec. 7775, p. 5197); (2) negligent attempt to pass when the way ahead was not free of approaching traffic (Sec. 8385, R. S. 1939, Mo. Stat. Ann., Sec. 7777, p. 5213); and (3) negligent failure to slow down, stop or swerve and avoid injuring plaintiff after defendant saw or by the exercise of the highest degree of care should have seen plaintiff and her automobile in a position of peril.

The contributory negligence charged against plaintiff in defendant's answer was (1) the operation of her automobile at a high and dangerous speed; (2) operation too close to the automobile ahead; (3) turning across the highway; (4) failure to apply her brakes at the proper time; and (5) the failure to use the highest degree of care in the operation and control of the ▮▮▮ automobile. The reply denied the new matter set up in the answer.

Appellant says "the fundamental issue is whether or not there is any substantial evidence to support the judgment rendered." Appellant further contends that "the undisputed evidence shows defendant was guilty of negligence;" that the record presents an issue of law and not of fact; and that this court should "reverse the judgment with directions," determine defendant's liability as a matter of law and "direct the court below to merely determine the extent of plaintiff's damages, and enter a verdict for her."

"In a case of this character, a verdict for defendant need not be supported by affirmative, substantial evidence tending to show that defendant was not guilty of negligence, because the burden was not on defendant to acquit himself of the charge of negligence. The burden was on plaintiff to show, prima facie, that defendant was guilty of the negligence charged. The absence of such a showing would authorize a verdict for defendant." Bloch v. Kinder, 338 Mo. 1099, 93 S. W. (2d) 932. Since the court found the issues for defendant, we consider the evidence most favorable to defendant. The evidence shows that Mr. Prettyman was traveling south at about 50-55 miles per hour. Plaintiff was driving immediately behind him and had been for 3 or 4 miles. She had attempted to go around him, but approaching traffic interferred. According to plaintiff, the distance between the two cars was about 35 feet. According to defendant's witness Prettyman, plaintiff was driving behind him, he "thought, much too close for safety." He did not fix the distance between the cars. The truck, traveling in the opposite direction, was moving about 30 to 35 miles per hour. Defendant's bus came up behind the truck at 30 to 40 miles per hour and, when within 100 feet of the rear of the truck, turned to the left to pass the truck. When the

driver had gotten the front end of the bus out about half way over the black line and before he was within 20 feet of the rear of the truck, he saw the Prettyman automobile approaching in the opposite direction and some 300 feet away. He immediately slowed down, turned back to the right hand side of the highway and in behind the truck. The bus only swung out and back in "a second or so" and was on the left side of the highway for only a fraction of a second. Before turning out, the truck obstructed the view and the bus driver could see down the highway on the left side of the truck for a distance of only 30 to 40 feet ahead of the truck. When Mr. Prettyman saw the bus come into view he was 100 or 150 feet from the front of the approaching truck, and the bus was yet behind the truck. Mr. Prettyman automatically put his foot on his brakes and slowed to 35 or 40 miles per hour. He then released the brakes and did not stop, that is, not until after both the truck and bus had met and passed him, and the plaintiff had crossed the traffic lane in front of the truck and bus and was in the fence at the east side of the highway. The truck driver said plaintiff's automobile shot across the road at an angle in front of him at 30 to 35 miles per hour and that he slowed his truck to permit it to pass safely in front of him. Mr. Prettyman had a signal light on the rear of his automobile that showed red when the foot brakes were applied.

Plaintiff testified that she was traveling about 35 miles per hour; that the bus was about 40 feet behind the truck and higher than the truck; that when she saw the bus turn to her side of the road, she applied her foot brakes and tried to stop; that she applied her brakes when Mr. Prettyman applied his, but that she could not stop and was afraid of hitting the car in front of her. She thought it safer to take the ditch on the left hand side of the highway, and accordingly turned in that direction and missed the Prettyman automobile by five feet. All this time she had her brakes on. She crossed the east side of the highway at an angle, approximately 75 feet in front of the approaching truck and when the Prettyman car was yet 40 feet from the truck. Plaintiff's car left the slab, crossed an eight or nine foot shoulder and a ditch, tangled in a wire fence and broke off three or four fence posts.

Plaintiff testified that the defendant's bus crossed over entirely to plaintiff's side of the highway and approached the Prettyman automobile and plaintiff head-on; and that the Prettyman automobile gave no signal, but came to a complete stop in front of her. She further testified that at 35 miles per hour she could stop her automobile in two or three car lengths, 25 to 30 feet.

No specific request was made under Sec. 1103, R. S. 1939, Mo. Stat. Ann., Sec. 952, p. 1225, for the court to make specific findings of facts and conclusions of law, but at the close of all the evidence appellant submitted a signed request for a finding of particular facts,

consisting of 16 numbered paragraphs, and a signed request for what is designated conclusions of law, consisting of 6 numbered paragraphs, and a final unnumbered paragraph that ''applying the law to the facts in this case, the finding must be for the plaintiff herein, and against the defendant.'' These requests were refused. The court, thereupon, of its own motion made its own finding of facts and conclusions of law, the last conclusion of law being that, ''applying the law to the facts found herein, the finding must be and is for defendant and against plaintiff.''

Appellant does not complain of the detailed findings of fact as made by the court, nor of the court's refusal to adopt as its own the particular finding of facts offered by her, but appellant complains that there was no substantial evidence to support the general finding for defendant, and that as a matter of law the finding should have been for plaintiff. There is, however, no contention that a case was made under the humanitarian doctrine.

Regardless of what was shown concerning the negligence of defendant or the causal connection between such negligence, if any, and plaintiff's injury, the evidence was sufficient to sustain a finding that plaintiff was guilty of negligence in the operation and control of her automobile, which directly contributed to her injury. Considered most favorably to defendant, an inference could be drawn that plaintiff operated her automobile at 50 to 55 miles per hour and within approximately 35 feet of the rear of the Prettyman automobile. If the plaintiff's testimony was true as to speed, distance to automobile ahead and as to distance required for stopping, she could have stopped without striking the Prettyman automobile or turning aside, much less traveling such a long distance and striking the fence with the force indicated. Whether operating the automobile at the speed she did operate it and within the distance that she did operate in the rear of the Prettyman automobile was negligent was an issue properly submitted to the court. The evidence would also justify an inference that she negligently failed to control her automobile and timely apply the brakes. The credibility of the witnesses was a matter for the court. In view of the movements of plaintiff's automobile, the court was not required to believe plaintiff's evidence as to the speed of her automobile or her prompt application of the brakes. If plaintiff was guilty of any negligence as charged which directly contributed to produce the injuries and damages complained of, she was not entitled to recover. The evidence was ample to justify such an inference.

The court did not, in its finding of facts and conclusions of law, indicate the theory upon which it found for defendant, but, since there was evidence sufficient to sustain a finding of contributory negligence on the part of plaintiff, it may not be said that there was no substantial evidence to support the finding for defendant even on this affirmative

defense. If plaintiff was guilty of contributory negligence she cannot recover and it is immaterial whether defendant was negligent as charged.

■ Appellant's theory that the undisputed evidence shows defendant was guilty of negligence is based on the fact that at least a part of the front end of the bus crossed the black line and in front of approaching traffic. Appellant says "the undisputed facts in the case show that the bus pulled out into the highway, into the traffic lane of approaching traffic, *in violation* of subsection (e) of Sec. 7777, R. S. 1929." (Italics ours.) Appellant insists that liability is a question of law. Appellant's contention overlooks the questions of causal connection and legal cause between defendant's negligence, if any, and the resulting injury to plaintiff and her automobile. It overlooks the question of plaintiff's contributory negligence as charged and sufficiently shown by the evidence. It overlooks questions of fact as to the relative locations and speeds of the several automobiles at the time the bus nosed out over the black line. The mere fact that the bus turned to the left and crossed the black line was wholly insufficient to establish the liability of defendant as a matter of law.

■ Appellant assigns error on the court's action in giving the following conclusions of law: (1) ". . . the law exacts of all drivers who are being preceded on highway by a motor vehicle to remain at such a distance behind said motor vehicle and keep his own motor vehicle under such control as to avoid striking said preceding vehicle if it slackens its speed or comes to a stop;" . . . (2) ". . . unless the evidence of plaintiff shows that plaintiff's negligence caused or contributed to the injury and damages complained of the ■ burden of making such proof was upon defendant when plaintiff's negligence was relied upon to defeat recovery;" (3) "the plaintiff, under the law, cannot excuse any act as being done under sudden emergency if plaintiff's acts presented the emergency;" and (4) "the court finds that the evidence presents a question of fact which must be determined by trier of facts, . . ." The court designated these statements, and others, as "Conclusions of law applicable to facts." Most of them do not appear to be conclusions which, under the facts found, are required by law, nor do they appear to be holdings concerning the legal effect of facts found. See, Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S. W. (2d) 909, 913; 64 C. J. 1236, Sec. 1080.

It is contended that conclusions 1 and 3 are not supported by any evidence because there is no evidence and no reasonable inferences deductible from the evidence that plaintiff was guilty of any act creating, causing or contributing to the sudden emergency with which she was confronted. It is contended that conclusion 2 is merely an abstract statement of law, unrelated to any fact in the case, and that there is no evidence of plaintiff or defendant from which an inference can be

drawn that plaintiff was guilty of any negligence which caused or contributed to her injuries. It is contended that conclusion 4 is erroneous because "the undisputed facts in this case show that the bus pulled out into the highway, into the traffic lane of approaching traffic in violation of subsection (e) of Sec. 7777, R. S. 1929."

What we have held, supra, in effect disposes of these assignments. In addition it may be said that the evidence presented issues of fact (1) as to whether the bus went fully over to the left side of the highway and continued head-on toward Prettyman and plaintiff or whether the driver merely nosed partly out in order to determine if the way was clear and turned back immediately and (2) as to whether the Prettyman car immediately stopped or merely slowed down from 50 or 55 miles per hour to 30 or 40 miles per hour and then proceeded. We think that different inferences could be drawn as to the speed of plaintiff's automobile and as to how close plaintiff was driving to the Prettyman car; also as to the relative positions of the several vehicles upon the highway, that is, the respective distances between the several vehicles when the bus nosed out to the left side of the highway. There were other conflicts in the evidence and these conflicts were for the trier of facts. Liability could not rest upon the fact of crossing the black line independent of other conditions existing at the time. Whether the act of the bus driver was a failure to exercise the highest degree of care under the facts or was a violation of the statute, supra, depends upon the conclusion reached with reference to disputed issues of fact. We have held, supra, that there was evidence from which an inference could be drawn that plaintiff was guilty of contributory negligence directly contributing to her injury and the damage to her automobile, and it follows that the statement, with reference to burden of proof in such case, was not unrelated to any fact or issue in the case. Since it is clear that the reasons assigned for the several conclusions being erroneous are without merit, it is unnecessary to consider the conclusions themselves.

■ There is another answer to appellant's contentions. We have seen that neither party made any specific request under the statute (Sec. 1103, R. S. 1939, Mo. Stat. Ann., Sec. 952, p. 1225) for findings of fact and conclusions of law, and, although plaintiff did submit certain specific findings of fact and conclusions of law, which she requested the court to adopt and give as its own, they were refused. The findings of fact and conclusions of law as set out in the record were of the court's own motion, and appellant so concedes in her motion for new trial. Although there is nothing improper in such action by the court, such findings not being requested are in the nature of voluntary statements by the court, are not reviewable and present no question for review, other than as a general finding, in this case for defendant. Kansas City v. Boyer (Mo.), 202 S. W. 1086; State ex rel. Sullivan County v. Maryland Casualty Co., 334 Mo. 259, 66 S. W. (2d) 537,

538; Woolley v. Dorl, 230 Mo. App. 577, 93 S. W. (2d) 1098; Lesan Advertising Co. v. Castleman, 265 Mo. 345, 352, 177 S. W. 597; Meridian Lbr. Co. v. Lowry Lbr. Co., 207 Mo. App. 41, 43, 229 S. W. 267; Crowell-Spencer Lbr. Co. v. Hill (Mo. App.), 242 S. W. 427; Bank of Catawissa v. Walters (Mo. App.), 209 S. W. 967, 969; Krieger v. Rozier Inv. Co. (Mo. App.), 253 S. W. 481, 482. It follows, therefore, that error may not be assigned upon the mere voluntary statements made by the court on its own motion. See also; Phillips v. Alford (Mo. App.), 90 S. W. (2d) 1060, 1067.

 Error is assigned on the court's refusal "to give plaintiff's requested conclusions of law numbered 1, 2, 3, 4, 5, and 6." Appellant has separately briefed the refusal of the several numbered paragraphs. The only conclusion of law requested by appellant was the unnumbered paragraph, mentioned supra, which immediately followed paragraph 6, the refusal of it is not assigned as error. The other paragraphs contained mere statements of law. They were not individual requests for declarations of law, and apparently were drawn with reference to the proposed finding of facts as submitted by plaintiff and not with reference to the facts to be found by the court.

Paragraph 1, states the content of Sec. 8383, R. S. 1939, with reference to care to be exercised in driving a motor vehicle and states that plaintiff and defendant were required to comply therewith. Paragraph 2 states the content of subdivision (e) Sec. 8385, R. S. 1939, and that defendant was required to comply therewith. Paragraph 3 is as follows: "Violation, on the part of the driver of the defendant's motorbus, of Sections 7775 and 7777 (e), constitutes negligence per se." It assumed a violation of both statutes. Paragraph 4 states the general rule with reference to the accuracy and precision of judgment required in an emergency created by the negligence of another, and includes a finding that plaintiff's acts "in attempting to avoid endangering the property or life or limb of persons then and there on the highway," did not constitute contributory negligence. It assumed that plaintiff was acting under an emergency created by the negligent conduct of defendant and that her actions were for the purpose above stated. Paragraph 5 deals with the measure of damages for personal injuries. Paragraph 6 deals with the measure of damage for the automobile.

Appellant's argument is to the effect that the content of said statutes was properly set out in paragraphs 1 and 2; that defendant's driver violated the statutes mentioned and was guilty of negligence per se; that paragraph 4 "correctly stated the law with relation to the conduct of a person confronted with a sudden emergency;" that subdivision 5 and 6 of the request were "a correct statement of the method of assessing such damages;" and that "the facts being undisputed, the court was required to find for plaintiff."

Section 1103, supra, provides that "upon the trial of a question of fact by the court, it shall not be necessary for the court to state its

finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law." Although a party in such case may request a finding of facts and conclusions of law, under said statute and save exceptions thereon, it does not follow that such party may assign error upon the court's refusal to receive and adopt, as the court's own conclusions of law, those tendered by a party in connection with a request for the finding of a particular state of facts. Separate conclusions of law are only required when request is made therefor under the statute and a request that the court adopt those tendered is not such a request. See, Arthur R. Lindburg v. Quinn (Mo. App.), 123 S. W. (2d) 215, 219 (8).

█ In a case where a jury is waived and the issues of fact are submitted to the court, sitting as a jury, and where no request is made for findings of fact and conclusions of law under the statute, supra, the theory of law by which the court is governed in reaching its decision may be determined by the presentation to the court of declarations of law, which are analagous to instructions given to the jury and subject to review by appellate courts in like manner and with like effect. Butler County v. Boatmen's Bank, 143 Mo. 13, 23, 44 S. W. 1047. It is not reversible error for the court to give declarations of law and make a finding of facts. Swanson, Inc. v. Central Surety Co., 343 Mo. 350, 121 S. W. (2d) 783, 787(6). When no request is made under Sec. 1103, supra, and a party desires that the court pass on a question of law, where the facts are in dispute, it is such party's duty to submit declarations of law based upon the theory of facts favorable to such party. See, Chaonia State Bank v. Sollars, 190 Mo. App. 284, 176 S. W. 263, 265; Underwood v. Oregon County, 320 Mo. 514, 518, 8 S. W. (2d) 597; Barnes v. Glover, 68 Mo. App. 571, 576; Patterson v. K. C. Ft. Smith & M. R. Co., █ 47 Mo. App. 570, 572; Springfield Grocer Co. v. Shackelford, 65 Mo. App. 364, 366. Where this is done, the appellate courts in a proper case, may look to declarations of law, given and refused, to determine the theory upon which the judgment was entered. See, Suddarth v. Robertson, 118 Mo. 286, 293, 24 S. W. 151, 153; Holland Banking Co. v. Republic National Bank, 328 Mo. 577, 41 S. W. (2d) 815, 819. On the other hand where an action at law is tried before the court, a jury being waived, and with no instructions asked, refused, or given, and no findings of fact or conclusions of law requested under the statute, the judgment will not be disturbed if there be any reasonable theory of the law or facts upon which it can be sustained. St. Louis-San Francisco Ry. Co. v. Dillard, 328 Mo. 1154, 43 S. W. (2d) 1034, 1036; St. Louis Union Trust Co. v. Hill, 283 Mo. 278, 223 S. W. 434; Jordan v. Davis, 172 Mo. 599, 72 S. W. 686; Murphy v. Doniphan Telephone Co., 347

Mo. 372, 147 S. W. (2d) 616, 618. To preserve any matter for review by requests for declarations of law, the requests must constitute correct declarations of law. In the case of Cape Girardeau County v. Harbison, Administrator, 58 Mo. 90, 93, the court said: "The cases are very rare in which it is admissible to frame declarations of law for the court, in disregard of the rules which are imperative for instructions given to a jury. In either case, the questions of law and those of fact should be so separated that it may afterwards be seen by which class the general finding was controlled."

We think it is clear that the six so-called "conclusions of law" requested by appellant could not be considered proper requests for declarations of law, which tended to show upon what theory of law or fact the court found for defendant. Appellant could not be injured by the court's refusal of paragraphs 5 and 6 on the measure of damages because the general finding was for defendant. Paragraphs 1 and 2 were mere abstract statements of law. The other two paragraphs, 3 and 4, even if considered as declarations of law, were erroneous as assuming matters in dispute. Seehorn v. American National Bank, 148 Mo. 256, 262, 265, 49 S. W. 886; Gundlach v. Beck, 146 Mo. App. 201, 208, 123 S. W. 962; John Schoen Plumbing Co. v. Hugunin, 156 Mo. App. 68, 74, 135 S. W. 967. The court did not err in rejecting the so-called conclusions of law.

The judgment is affirmed. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.