238 S.W.2d 918 (1951)
SYKES
v.
STIX, BAER & FULLER CO.
No. 28041.
St. Louis Court of Appeals, Missouri.
April 17, 1951.
Ellis S. Outlaw, St. Louis, for appellant.
Moser, Marsalek, Carpenter, Cleary & Carter and Lee M. Carter, all of St. Louis, for respondent.
*919 ANDERSON, Presiding Judge.
This is an action to recover damages for personal injuries sustained by plaintiff while riding as a passenger on an escalator in defendant's department store located in the City of St. Louis. There was a verdict and judgment below for the defendant. Plaintiff has appealed.
The plaintiff's evidence tended to show that on the 6th day of April, 1949, plaintiff and Mrs. Elmo Scales went to the defendant's store to get some uniforms which plaintiff had purchased and which had been left for her in the "will call" department in the basement of said store. After securing the uniforms, both plaintiff and Mrs. Scales boarded an escalator which runs from the basement to the first floor of said building. Both plaintiff and Mrs. Scales testified in the case and, according to plaintiff's testimony, there was a sudden jerk in the movement of said escalator which caused plaintiff to fall backwards. (Mrs. Scales testified she did not know what happened.) Thereafter, the escalator was stopped by an employee of the store. Plaintiff was then given first aid and sent home in a taxicab. Her evidence disclosed injuries to her right knee, leg, back and shoulders.
Walter G. Shoffner, head electrician at defendant's store, and Stanley Rimkus, Shoffner's assistant, testified in detail in regard to the methods used to inspect the motors and to maintain the escalators in a safe operating condition. Mr. Shoffner examined the escalator immediately after the accident and testified that he found it in good operating condition. He further stated that his inspection of the escalator, both before and after the accident, failed to reveal anything which could have caused it to jar or jerk. Stanley Rimkus gave like testimony.
Two witnesses from the Otis Elevator Company testified that they had made a semi-annual inspection of the escalators at Stix, Baer & Fuller Company fifteen days before the accident and found the escalator in question to be in good and safe operating condition. These witnesses were John B. Braun and E. O. Donnell. Mr. Braun testified that he found nothing in connection with the mechanism which could have caused a sudden jerk or stopping of the escalator. Mr. Donnell also testified to the same effect.
Ella Bodenstedt, a saleswoman at defendant's store at the time of the accident, testified that she heard a noise and turned around and saw plaintiff seated at the bottom of the escalator; that she turned a button which stopped the movement of the escalator, and that the escalator was running smoothly at the time.
Catherine E. Cammon, a nurse employed by defendant, testified that plaintiff told her that she fell backward and did not know what caused her to fall.
Appellant's first contention is that the verdict and judgment should not be permitted to stand for the reason that defendant failed to refute plaintiff's testimony that the escalator jerked and caused her to fall. There is no merit to this contention. Under the decisions, a failure on the part of defendant to produce evidence to rebut plaintiff's prima facie case does not compel an inference of negligence. Under such circumstances, the issue is for the jury, who may or may not believe the evidence produced by the plaintiff. Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001; Grindstaff v. J. Goldberg & Sons' Structural Steel Co., 328 Mo. 72, 40 S.W.2d 702; Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815. A verdict for defendant need not be supported by affirmative substantial evidence to show that defendant was not guilty of negligence. Conley v. Crown Coach Co., 348 Mo. 1243, 159 S.W.2d 281; Bloch v. Kinder, 338 Mo. 1099, 93 S.W.2d 932.
Appellant next complains of the giving of defendant's Instruction No. 2. This instruction submitted the issue of contributory negligence. It charged that if the jury found that plaintiff undertook to ride the escalator with her feet resting on different steps in an insecure and unbalanced position, and failed to use either of the handrails, and that by so doing was guilty of negligence which caused or contributed *920 to cause her fall, their verdict should be for defendant.
The complaint lodged against said Instruction No. 2 was that it found no support in the evidence, in that there was no evidence that plaintiff failed to use either of the handrails in question. There was evidence that plaintiff stood on the escalator with her feet on different steps, from which evidence the jury might reasonably infer that plaintiff assumed an insecure and unbalanced position and, in so doing, was negligent. Such being the case, submitting in the conjunctive the failure to use the handrails as a ground of plaintiff's negligence was not error. Hodgins v. Jones, Mo.App., 64 S.W.2d 309.
Appellant next complains of certain modifications made by the court of plaintiff's Instructions 1 and 5. The record fails to show that these instructions were modified by the court, and fails to show any objection on plaintiff's behalf to the giving of said instructions. Under the new Civil Code, R.S. 1949, § 506.010 et seq., objections must be made to the giving of instructions if they are to be questioned on appeal. Bowers v. Etherton, Mo.Sup., 216 S.W.2d 83; Louisiana Lumber Co. v. Burbridge, Mo.App., 220 S.W.2d 760; Holdman v. Thompson, 358 Mo. 577, 216 S.W.2d 72.
The last point urged by appellant is that the court erred in admitting in evidence an unsigned deposition of plaintiff. The point is first urged in that portion of portion of appellant's brief which is designated as "Argument". In appellant's brief the points relied upon are set out under the heading "Points and Authorities". No point is made with reference to the admission of said deposition under appellant's "Points and Authorities". Rule 1.08 of the Supreme Court Rules provides, among other things, that the brief shall contain, "The points relied on, which shall specify the allegations of error, with citation of authorities * * *." Under this rule, where the particular point relied on is not made in the manner prescribed by said rule, it will not be noticed. The point is not properly presented for review if made for the first time in the argument. Scott et al. v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834; Burch v. Cleveland, C., C. & St. L. Ry. Co., 328 Mo. 59, 40 S.W.2d 688.
Finding no error in the record, the judgment of the trial court is affirmed.
McCULLEN and BENNICK, JJ., concur.