Judith O. LaCHANCE, Plaintiff-Appellant,

v.

Frederick R. LaCHANCE, Defendant-Respondent.

No. 33266.

St. Louis Court of Appeals.

Missouri.

Feb. 3, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied March 24, 1969.

Application to Transfer Denied May 12, 1969.

Frank Mashak, St. Louis, for appellant.

P. M. Kieffer, Donald L. Schmidt, Mc-Mahon, Kieffer & Schmidt, Clayton, for respondent.

CLEMENS, Commissioner.

This appeal arises from an order partially quashing an execution and garnishment. Appellant Judith O. LaChance, who had been granted alimony pendente lite and later a divorce and allowances on her cross-bill, got out an execution and garnishment to collect $120 alimony and a $50 attorney fee. Respondent Frederick R. LaChance, contending he owed only $10, tendered that amount and moved to quash the execution and garnishment. (See § 513.360, V.A.M.S., and Pflanz v. Pflanz, 237 Mo.App. 873, 177 S.W.2d 631 [7].) Following a hearing the trial court granted the motion to quash, except for $10, and Mrs. LaChance appeals.

Mrs. LaChance raises three points: that the court erred in basing its order on an amendment to the divorce decree, since the amendment had been made more than thirty days after rendition; that she was not given five days' notice of taking up the motion to quash; and that the court erred in taxing her with one-half the costs.

The amount of alimony due depends in part on the effective date of the divorce decree. The precise point raised by Mrs. LaChance is that more than thirty days after entering the decree the trial court acted untimely in amending it by inserting the words "effective August 10, 1967." The timeliness of amending the decree hinges on the alteration of dates shown by the clerk's filing stamp. That branch of the case took this course: On August 10, 1967, the divorce case was heard and submitted on Mrs. LaChance's cross-bill. The trial court entered no decree then but passed it pending the parties' proposed agreement on allowances. On either August 21 or 23, 1967, the parties filed both a copy of their "agreement" and a "memorandum for the clerk," the judge made a "minute entry," and the court entered its decree. On September 21, 1967—that being either the 29th or 31st day after entry of the decree of divorce—the court modified it by de-

claring it was to be "effective August 10, 1967." [1]

Mrs. LaChance correctly contends that under Civil Rule 75.01, V.A.M.R., the court's authority to amend the decree expired in thirty days. She says in her brief that the court acted thirty-one days after the original decree because the decree was entered on August 21. This conclusion depends on unexplained alterations in the court files. On three instruments—the parties' agreement for allowances, counsel's memorandum for the clerk, and the judge's minute entry—the clerk's filing stamp shows August 23, 1967. On each of these the figure "1" has been written over the stamped figure "3". Similarly, the court's decree is dated August 23, 1967, but this date is followed by an unexplained notation, "(should be Aug. 21 to coincide with all related pleadings)".

We must choose between the two sets of dates. If we accept the clerk's dates showing the papers were filed and the decree was entered on August 23, then the court acted within proper time, on September 21, 1967, in amending the divorce decree on the 29th day after rendition. We can uphold Mrs. LaChance's charge that the court improperly amended the judgment on the 31st day after rendition only by accepting the unexplained alterations and disregarding the clerk's stamped notations. This we decline to do.

█ We have grave doubts about these alterations. They are not initialed by the court clerk or otherwise explained. Since they would undermine the court's jurisdiction, they are material. Such alterations generally have no legal effect or probative value until satisfactorily explained. Compare Park v. Park, Mo.App., 190 S.W.2d 285 [5–10]; and German-American Bank v. Manning, 133 Mo.App. 294, 113

S.W. 251 [2–5]. Furthermore, on appeal it is presumed the trial court acted correctly and an appellant must clearly establish the error complained of. Morris v. Willis, Mo., 338 S.W.2d 777 [7]; Orlann v. Laederich, 338 Mo. 783, 92 S.W.2d 190 [10]. Mrs. LaChance has not carried that burden. We reject her contention that the trial court's amendment was untimely.

Mrs. LaChance next contends the trial court erred in hearing the motion to quash on January 24, 1968, since she had not been given five days' notice. The motion was filed January 15 and a copy mailed to Mrs. LaChance's counsel. On January 19 the court on its own motion shortened the usual five-day notice and notified counsel that the motion would be heard on January 24. On that date the court took up the motion over Mrs. LaChance's objection.

█ Civil Rule 44.01(d), V.A.M.R., calls for five days' notice on motions "unless a different period is fixed by law or court rule or by order of the court." Similarly, Civil Rule 55.42, V.A.M.R., says "the court at any time or place and on such notice, if any, as he considers reasonable may make orders for the advancement, conduct and hearing of actions." We hold that the trial court did not err in shortening the time for taking up the motion to quash.

█ Last, Mrs. LaChance says the court erred in taxing half the motion costs against her, contending she "had not lost the case." She cites Civil Rule 77.06, V.A.M.R., by which costs are generally to be taxed in favor of the prevailing party. Actually, it was Mr. LaChance who prevailed. This, because on his motion the court quashed all of Mrs. LaChance's execution for $120 alimony and $40 of her $50 claim for attorney fees. Underwood v. Oregon County, 320 Mo. 514, 8 S.W.2d

1. The court had previously ordered Mr. LaChance to pay $27.50 a week temporary alimony; by the divorce decree the court reduced the alimony to $7.50 a week. We calculate this "dating back" to August 10 would reduce the amount

of alimony at the rate of $20 a week for either 11 days, $31.43, or 13 days, $37.14. The record does not reveal the relationship between either of these amounts and the $120 alimony Mrs. LaChance claims was due her.

597 [3]. Being liable for all the costs, Mrs. LaChance cannot complain of bearing half of them.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.