DAVE SCHNURMAN v. WESTERN CASUALTY & SURETY COMPANY OF FORT SCOTT, KANSAS, a Corporation, Appellant.—No. 38766.— 179 S. W. (2d) 31.

Division One, March 6, 1944.

Rehearing Denied, April 3, 1944.

*Robert A. Roessel* for appellant.

*C. O. Inman, Harry M. Soffer* and *Joseph Nessenfeld* for respondent.

654

DALTON, C.—Garnishment proceeding in aid of an execution under a default judgment against one Al Figlure. Issues framed were tried to the court without aid of a jury and garnishee was found to be indebted to Figlure in the sum of $9521.40, the amount of plaintiff's judgment, interest and costs. Upon garnishee's failure to discharge itself, final judgment was entered against it and garnishee has appealed.

On February 8, 1937, the Western Fire Insurance Company and garnishee issued ▮ a combination automobile insurance policy to Rubenstein and Figlure, Inc., of Salem, Dent County, Missouri. Garnishee insured against bodily injury liability. It is admitted that

the automobile described in the policy was the automobile in which plaintiff was riding on February 17, 1937, at the time he sustained the injuries for which he recovered judgment. Figlure, the vice-president and secretary of the corporation, was driving the automobile on company business at the time and suit for damages was instituted against him. Garnishee was duly notified of the pendency of the suit and sought a nonwaiver agreement from Rubenstein and Figlure, Inc., which was refused. No answer or other pleading was filed and a default judgment in favor of plaintiff and against Figlure for $7500 was duly entered and no appeal taken.

The pertinent provisions of the policy are as follows: "Coverage A —Bodily Injury Liability. To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury, including death at any time resulting therefrom sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile. . . .

"Definition of 'Insured'. The unqualified word 'Insured' wherever used includes not only the Named Insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that . . . and provided further that the actual use is with the permission of the named insured. The provisions of this paragraph do not apply; . . . (d) to any employee of an Insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same Insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such Insured. . . .

"Exclusions—This policy Does Not Apply; . . . (e) under coverage A, to bodily injury to or death of any employee of the Insured while engaged in the business of the Insured, other than domestic employment or in the operation, maintenance or repair of the automobile; or to any obligation for which the Insured may be held liable under any workmen's compensation law; . . . "

Garnishee alleged that, at the time plaintiff received his injuries, both he and Figlure were employees of the named insured and were engaged in a common enterprise in the course of their employment in the business of the named insured; that plaintiff, as an employee of the insured, came within the exclusions of the policy; that the insured under the policy was not a party defendant in plaintiff's action; and that the liability of Figlure to plaintiff was not within the coverage extended under the policy.

Considered most favorably to plaintiff the evidence tended to show that in February 1937, the plaintiff was a general merchandise broker in the City of St. Louis; that he was in business for himself; that he had business space at the Larner-Diener Company, 722 Chestnut

street; and that he had charge of one of the departments of that company for business sales and disposition of merchandise. A few days before February 17th, he started to Oklahoma City on his own business. He was driving his own automobile and stopped by Salem, Missouri, to see his brother-in-law, Figlure. ₊Figlure decided to go to Oklahoma to sell some merchandise for Rubenstein and Figlure, Inc., and asked plaintiff to ride with him (to get some mileage on the company's new automobile). Plaintiff transacted his business in Oklahoma City, but Figlure was unable to dispose of his merchandise at that place and came back to Tulsa, where the merchandise was sold. On the way back to Salem, Missouri, where plaintiff was to get his own automobile and return to ·St. Louis, the automobile operated by Figlure was wrecked and plaintiff was injured. Plaintiff testified that he was not and had not been employed by Rubenstein and Figlure, Inc.; and that he had rendered no services and received no compensation from that corporation for anything connected with his trip to Oklahoma. His testimony, in this regard, was fully corroborated by both Figlure and Rubenstein, the latter being the corporation's president.

No witness testified that plaintiff was an employee of or had been employed by Rubenstein & Figlure, Inc., at or prior to the time he received his injuries. Garnishee relied entirely on certain oral and written admissions of both plaintiff and Figlure. The oral admissions relied on were made in connection with furnishing the facts for the written statement.

After the automobile (described in the policy) had been wrecked, Figlure promptly contacted the local agent of garnishee at Salem, Missouri, and was directed to see garnishee's attorney at Springfield, Missouri, with reference to a settlement of the damages on the automobile. A written statement was prepared by the attorney and was signed by Figlure and plaintiff on the day following the wreck. The "collision loss" was subsequently settled with Figlure on March 5, 1937.

The written statement, in part, is as follows: "Last Sunday morning my brother-in-law, Dave Schnurman, and I went to Tulsa, Oklahoma to sell some merchandise from our store, Rubenstein-Figlure, Incorporated, Salem, Missouri. We made our calls in Tulsa, Oklahoma, and left ·some samples and yesterday, Wednesday, February 17th, we left Tulsa returning to Salem in our 1937 Plymouth DeLuxe Sedan, and about four miles the other side of Halltown, Missouri, had a wreck. . . . Mr. Schnurman is my brother-in-law and was employed by me to assist in selling merchandise ·on a salary by the week and a commission basis. On this trip we were both· working together attempting to sell merchandise. I have read the above statement and it is true. (Signed) Al Figlure."

"I have read the above and foregoing statement and was present when the statement was taken and it is true and correct. On this trip I was paid a salary by Rubenstein-Figlure, Inc., by the week and a commission for assisting in the sale of goods, and Mr. Figlure and I were working together on the trip. (Signed) Dave Schnurman."

While both plaintiff and Figlure admitted signing the above statement, plaintiff claimed he didn't read the statement; that he didn't know what he was signing; that he had been severely injured; that he was suffering pain; and that he told the attorney he was on his own business and was not an employee of Figlure. He said he was told the statement was just an excuse for being in the car and so he signed it. Figlure also testified he told the attorney that plaintiff was not an employee, but was told it made no difference. Plaintiff received a copy of the above statement and subsequently his own attorney, on June 19, 1937, submitted it to garnishee in support of plaintiff's claim. The attorney's letter accompanying it contained the following statement: "The facts in the case are as follows: Mr. Schnurman, who is in the real estate and commission sales business and not regularly employed by the Rubenstein & Figlure, Inc., of Salem, Missouri, accompanied Mr. Figlure, his brother-in-law, to Tulsa, Oklahoma, to dispose of some merchandise. The merchandise was disposed of in Tulsa and his duties as an employee of Rubenstein & Figlure, Inc., were ended, and while returning to Salem, Missouri, on February 17th preparatory to coming back to St. Louis, the accident occurred." Plaintiff's attorney admitted writing the letter, but testified that he had previously told garnishee's representative that plaintiff was not an employee, and that, if plaintiff had been employed, he was not employed when the wreck happened.

The trial judge made detailed findings of fact and conclusions of law, in part as follows: (Findings of Fact) "That at and prior to February 17th, 1937, plaintiff was regularly engaged in the real estate and commission sales business in the City of St. Louis; that several days prior to February 17th, 1937, plaintiff was employed by Rubenstein & Figlure, Inc., a corporation engaged in business in Salem, Missouri, to assist defendant, Al Figlure, in disposing of certain merchandise of said Rubenstein & Figlure, Inc., in Tulsa, Oklahoma; that said merchandise was disposed of in Tulsa, Oklahoma, and that the duties of plaintiff's said employment were then terminated; . . . (Conclusions of law) that at the time of said accident plaintiff was not an employee of Rubenstein & Figlure, Inc., within the meaning of the policy; . . . that defendant, Al Figlure, was an insured within the meaning of said policy and by virtue of the provisions thereof at the time of the said accident." Thereupon, the court entered its interlocutory order, which was not complied with, and the court thereafter entered final judgment for plaintiff.

Appellant has made numerous assignments of error, but only a few are briefed. Appellant contends that it was entitled to have its demurrer to the evidence sustained on the theory (1) that, as a matter of law, plaintiff and Figlure were employees of Rubenstein and Figlure, Inc., and in the course of their employment when plaintiff was injured; and (2) that plaintiff, on the admitted facts, is estopped to deny that he was such employee of Rubenstein & Figlure, Incorporated. Appellant further insists that the trial court's findings of fact, to wit, that plaintiff was employed by Rubenstein & Figlure, Inc., to assist Figlure in disposing of merchandise in Tulsa, Oklahoma, is in effect a special verdict, conclusive and binding on this court. In view of the finding, appellant contends the judgment is erroneous and must be reversed. We determine first whether the trial court's findings of fact constitute a part of the record in this cause for our consideration, or whether the reviewable record shows only a general finding for plaintiff. The record fails to show any specific request by either party for findings of fact or conclusions of law under Sec. 1103, R. S. 1939, Mo. R. S. A., Sec. 1103. Appellant's request for the court to make the specific findings prepared and submitted was not a sufficient request under the statute. McBride v. Mercantile-Commerce Bank & Trust Co. (In Banc), 330 Mo. 259, 48 S. W. (2d) 922, 928; Arthur R. Lindburg, Inc. v. Quinn (Mo. App.), 123 S. W. (2d) 215. The findings of fact as shown, supra, appear from the record to have been voluntary on the part of the trial court. Accordingly, they do not constitute a special verdict, they are not reviewable and may not be considered on appeal, other than as a general finding of the issues for plaintiff (as evidenced by the interlocutory judgment). State ex rel. Sullivan County v. Maryland Casualty Co., 334 Mo. 259, 66 S. W. (2d) 537, 538; Conley v. Crown Coach Co., 348 Mo. 1243, 159 S. W. (2d) 281, 285, and cases cited; Lessner v. Monarch Ins. Co. (Mo. App.), 153 S. W. (2d) 129; Sager v. State Highway Commission (Mo. App.), 125 S. W. (2d) 89.

The result, however, could not be different if the findings of fact be considered as a special verdict and conclusive, because the court found that the duties of plaintiff's employment had been discharged, "the merchandise disposed of" and his employment terminated at Tulsa, Oklahoma, prior to the return trip. Plaintiff, therefore, was neither an employee, nor in the course of his employment for Rubenstein & Figlure, Inc., at the time of his injury even on the trial court's findings of fact. Appellant says the court found plaintiff *was* an employee of the corporation *when* he was injured, but "concluded as a matter of law that this employment was not within the meaning of the policy." We do not so read the record. The court found that plaintiff *had been* employed, but that his employment had terminated prior to the receipt of his injuries.

The finding and judgment of the court in plaintiff's favor is conclusive and binding on this court, if supported by substantial evidence. In view of the evidence set out, supra, there can be no question as to the sufficiency of plaintiff's evidence to support the general finding in plaintiff's favor, and the judgment is not erroneous, unless plaintiff is estopped (by the admitted facts) to deny that he was an employee of Rubenstein and Figlure, Inc.

Was plaintiff estopped? Estoppel, an affirmative defense, was not pleaded, but appellant contends that it conclusively appears from plaintiff's evidence that plaintiff represented to garnishee in writing that he was an employee of Rubenstein & Figlure, Inc., at the time he was injured, and that garnishee relied thereon and denied liability and refused to defend the suit against Figlure. Appellant says that, having induced garnishee to rely on the written statement to its prejudice, plaintiff is estopped to deny its truth at this time; and that, under the circumstances, estoppel need not have been pleaded. Rivard v. Missouri Pac. R. Co., 257 Mo. 135, 165 S. W. 763. However, the record shows that plaintiff testified he told garnishee's representative, before the judgment was obtained, that he was never an employee of Rubenstein & Figlure, Inc. Plaintiff's attorney also claimed to have advised garnishee's agent to the same effect, even prior to June 17, 1937. The judgment was not entered against Figlure until August 24, 1938. Rubenstein testified that, in connection with garnishee's request for a nonwaiver agreement, he was asked to sign "that Mr. Schnurman was an employee and not covered by the policy," but that he refused to sign and told the garnishee's attorney the statement that Figlure and plaintiff had signed "was wrong." Garnishee's witness and attorney (Singer) testified he had never made an independent investigation to determine whether or not plaintiff was an employee of Rubenstein & Figlure, Inc., and that the statement was the only information he had as to plaintiff's employment. In view of this evidence, plaintiff was not estopped as a matter of law to assert he was never an employee of Rubenstein & Figlure, Inc. The trial court did not err in overruling garnishee's demurrer to the evidence and, on the record before us, the judgment is not erroneous.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.