**Guy J. TATRO et al., Plaintiffs-Respondents,**

v.

**John GROFE, Defendant-Appellant.**

No. 35534.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 1, 1974.

Charles A. Sheehan, Arnold, for defendant-appellant.

Robert L. Brown, Arnold, for plaintiffs-respondents.

SMITH, Judge.

Defendants appeal from a judgment in a court-tried case granting injunctive relief. Defendants have filed a transcript which contains none of the evidence and which was not approved by the trial court. Defendants only claim of error is that the court refused to make findings of fact pursuant to Rule 73.01(b), V.A.M.R.

That rule provides that the trial court "may, or if *specifically* requested by counsel, shall, include [in an opinion] its findings on any of the principal controverted fact issues." (Emphasis supplied).

The only "request" for such findings was as follows:

"MR. SHEEHAN: Your Honor, I'd like to submit also a request—and we'll ask the Court for leave to submit findings of fact and conclusions of law.

MR. BROWN: I didn't hear you.

MR. SHEEHAN: I'm submitting to the Court that the Court, in its decision, will state conclusions of law and ask leave of the Court to submit a proposed decree . . . .

THE COURT: We'll accept your request to submit findings of fact and conclusions of law. *The Court will allow each side fifteen (15) days from this date to prepare a suggested decree with findings of fact and conclusions of law contained therein for submission to the Court. The Court will make its decision and issue an appropriate decree.*"

This was not a specific request for the Court to make findings of fact, it was a request that counsel be permitted to submit proposed findings of fact to aid the Court in making its decision. The Court's statement makes it clear that such was its understanding of the request. This was not a sufficient specific request for findings of fact under the rule and the Court did not err in failing to make findings of fact. See Schnurman v. Western Cas. & Sur. Co. of Ft. Scott, Kan., 352 Mo. 650, 179 S. W.2d 31 (1944) [1–4]; Arthur R. Lindburg, Inc. v. Quinn, 123 S.W.2d 215 (Mo. App.1939); McBride v. Mercantile-Commerce Bank & Trust Co., 330 Mo. 259, 48 S.W.2d 922 (banc 1932) [10].

Judgment affirmed.

CLEMENS, McMILLIAN and GUNN, JJ., concur.