Asenath Mastin, Appellant, v. Mary Ireland and Emory Ireland her Husband, Martha Mastin and Ellic E. Mastin her Husband, Thomas Raymond Weathered and Annie Weathered his Wife and Elizabeth Weathered.—8 S. W. (2d) 900.

Division One, July 3, 1928.

*J. W. McKnight* for appellant.

*Sullinger & Ward* for respondents.

GENTRY, J.—By her petition filed in the Circuit Court of Gentry County, the plaintiff asked for the partition of certain lands in that county. In appropriate language, she stated that one Thomas S. Weathered died intestate in that county in June, 1909, seized and possessed of said lands, leaving him surviving as his sole heirs at law his widow, the defendant Elizabeth Weathered, and his five children, Edward E. Weathered, Mary Ireland, Martha Mastin, Dora M. Lock, and Thomas R. Weathered, all of whom are made defendants except Dora M. Lock and Edward E. Weathered. She further alleged that the said Dora M. Lock and husband conveyed all of her interest in said land to the plaintiff, and that Edward E. Weathered conveyed his interest in said lands to defendant Thomas R. Weathered. After an allegation that the real estate could not be partitioned in kind, and that the defendant Elizabeth Weathered was entitled to her dower right therein, prayer was made for the admeasurement of dower and the sale of said real estate and the division of the proceeds thereof. It should also be mentioned that the petition alleged that there had been an administration on the estate of the deceased and that all of his debts had been paid.

The defendants Mary Ireland, Martha Mastin and Thomas R. Weathered, in their separate answer, admitted the death of the ancestor, the relationship of the parties and the conveyance by Dora M. Lock to plaintiff, but denied that the interest of the parties had

been correctly stated. They further set up the fact that all of ˙ ᵤₑ children of the deceased, in December, 1915, executed a written lease, conveying all of their right of possession and benefits arising from said lands to the defendant Elizabeth Weathered during her lifetime and that said defendant had been in the undisputed possession of said land ever since.

The defendant Elizabeth Weathered, in her separate answer, admitted the death of her husband, his intestacy, the names of his children, the administration of his estate and the payment of all outstanding debts. She then denied that the defendants Mary Ireland, Martha Mastin and Thomas R. Weathered were the owners as tenants in common or otherwise with her, denied that they held the same subject only to her right of dower and denied that she was only entitled to a life estate. She then alleged that her husband occupied said described real estate at the time of his death as his homestead and that she had continued to occupy the same as her homestead thereafter. She also alleged that she was entitled to her dower interest in said lands. She then alleged that in December, 1915, for a valuable consideration, her co-defendants and Dora M. Lock entered into a written contract, by which they sold and leased to her, for and during her natural life, the said described real estate; that she thereby became entitled to the same during her lifetime, and that she had ever since the execution of said lease been in the undisputed and adverse possession thereof and was still holding the same antagonistic to any claim of the plaintiff, by reason whereof partition thereof did not lie. She further alleged that the plaintiff had knowledge of the execution of said contract and lease at the time the plaintiff obtained said deed from Dora M. Lock; and that the plaintiff obtained said deed with full knowledge thereof and with the distinct understanding and agreement that the defendants' right of possession of all of said lands was not and would not be disturbed or interrupted, and that said deed would not have been executed and delivered except for said understanding that the defendant was to be permitted to occupy said lands during her lifetime. An estoppel was then plead and also adverse, open and notorious possession of said lands for more than ten years.

A reply put in issue the new matter contained in the two answers. A trial before the court resulted in a judgment for the defendants, denying partition. From this judgment an appeal has been taken by plaintiff, but no bill of exceptions has been filed.

I. As appellant has not seen fit to preserve the proceedings of the trial court by bill of exceptions, we are restricted in our examination to the record proper, which as above stated, consists of the petition, two answers, the reply and judgment. [McLarty v. Griggs, 222 S. W. 391.] As the appellant has not pre-

served for review the lease or contract referred to in the pleadings, we must assume that the trial court properly held that the same was a bar to the partition of said described real estate. Every presumption must be indulged in favor of the correctness of the decision of the trial court; this has been the law of this State ever since the decision of Boone County v. Corlew, 3 Mo. 12.

II. The duty devolves on the appellant, as this court has often said, of preserving the evidence offered at the trial and of convincing this court that error was committed by the trial court, in accordance with the familiar principle that he who asserts error must prove error. [Fahy v. Gordon, 133 Mo. l. c. 426; Finkelnburg on Mo. App. Prac., 146; Elliott on App. Prac., secs. 709-10.] As appellant has failed to preserve the evidence, and as the trial court found from such evidence, written and oral, that the plaintiff purchased the interest of Dora M. Lock in said described real estate, and "had actual knowledge of the existence of said lease prior to the conveyance to her," and that the dower right of said Elizabeth Weathered exceeded the right of homestead and that partition could not be had, such finding is conclusive.

III. It is true, as suggested by counsel for appellant, that the right to partition yields to no consideration of hardship or inconvenience, as stated by this court in Hauessler v. Missouri Iron Company, 110 Mo. l. c. 194. But it is also true that where one of the defendants is in possession claiming title to the property adversely to the plaintiff, partition will not lie until the rights of the parties have been determined in a proper action. [Gipson v. Owens, 286 Mo. l. c. 48; Chamberlain v. Waples, 193 Mo. l. c. 109; 21 Am. & Eng. Ency. Law (2 Ed.) 1147-8; Davies v. Keiser, 297 Mo. l. c. 18.]

IV. One tenant in common cannot maintain partition against his co-tenant, where he has been disseized. In a case where the trial court found that a defendant in a partition suit had been in the open, notorious and adverse possession of the land sought to be partitioned, and found that partition could not be had in such an action, this court, in speaking through Judge LAMM, said, "It may be conceded that if the court's premise be true, its conclusion was also true, because it is a rule of law in this State that possession of the character found by the court is a bar to proceeding in partition until the right of possession be determined and the title tried in another forum." [Coberly v. Coberly, 189 Mo. l. c. 16.]

V. Counsel for appellant is in error when he asserts that it was the duty of the trial court to assign dower or set out homestead in this proceeding. In view of the allegations of the answers, which are sustained by the finding of the court, the court was correct in denying partition, and especially in view of the estoppel alleged and proved in this case. The written agreement of the heirs, in consideration of the money paid them by the widow to convey this property to her during her lifetime, of which written agreement or lease the plaintiff knew prior to her purchase of the Dora M. Lock interest, necessarily postpones partition of this land until the death of the widow. [Springer v. Bradley, 188 S. W. l. c. 178.]

As no error appears in the record proper, and as the finding of the trial court is in accordance with the allegations of the answer, which allegations constituted a complete bar to partition, the judgment of that court is affirmed. All concur.

## On Motion for Rehearing.

GENTRY, J.—Appellant has, in her motion for rehearing, presented several reasons in support thereof, but has not stated that some question decisive of the case, and duly submitted by counsel, has been overlooked by the court; neither does she allege that the decision of the court is in conflict with an express statute or with a controlling decision to which the attention of the court was not called through the neglect or inadvertence of counsel; nor that a question so submitted by counsel has been overlooked by the court. Rule 21 of this court, concerning motions for rehearing, requires that such a motion must state and point out that one or the other of such reasons for a rehearing exists. It will be seen that appellant has failed to comply with such rule, and for that reason, if for no other, the motion for rehearing should be overruled.

But as an additional reason for rehearing appellant says, "The lease plead was not attached to defendant's answer and is not in the possession of the clerk of the court or its reporter, nor in the possession of plaintiff or her counsel, and we respectfully request that counsel for defendant submit said lease to this Court for inspection if in his possession or in his client's possession." Clearly this is no ground for asking for a rehearing, as the lease, contract, or deed has not been preserved in the bill of exceptions. In fact, there is no bill of exceptions in this case. If counsel wanted this court to pass on the legal effect of such lease, it should have been preserved in the bill of exceptions. If said lease should be presented to this court, the same could not be considered. The motion for rehearing is overruled.