STATE OF MISSOURI EX REL. STATE SOCIAL SECURITY COMMISSION OF MISSOURI, Appellant, v. Estate of LUCINDA BUTLER, Deceased.— No. 38900.—181 S. W. (2d) 768.

Division Two, July 3, 1944.

*Elmore G. Crowe* and *J. Ralph Graves* for appellant.

16

*C. A. Calvird* and *Crouch & Crouch* for respondent.

BARRETT, C.—This action originated as a claim by the State Social Security Commission [769] against the estate of Lucinda Butler to recover old age assistance grants in the sum of $710.00 alleged to have been obtained by fraud and deceit on the part of the recipient. The cause was certified by the Kansas City Court of Appeals. State ex rel. v. Butler's Estate, 175 S. W. (2d) 55. The consequence of the certification is that we are under a duty to consider the cause as an original appeal. Const. Mo., Art. 6, Amend. 1884, Sec. 6.

The Commission contended in the Court of Appeals, as it does here, that the trial court had sustained and given the defendant's peremptory instruction at the close of all the evidence and, therefore, it was entitled to a new trial because it had adduced substantial evidence in support of its cause of action. Its position was that having made a prima facie case it was the duty of the trial court, trying a jury waived case, to pass on the credibility of the witnesses, weigh the evidence and give judgment accordingly as it found the facts. The defendant contended and the Court of Appeals found that the Commission had not assigned as error or ground for a new trial that the trial court had sustained or given the defendant's demurrer and, therefore, could not urge the point on appeal. Fruit Supply Co. v. Chicago, B. & Q. R. Co. (Mo. App.), 119 S. W. (2d) 1010. The Court of Appeals was of the view, however, that its opinion was in conflict with Locke v. Warden (Mo. App.), 162 S. W. (2d) 642.

There was substantial evidence tending to show that Mrs. Butler was guilty of fraud and deceit in procuring and receiving her old age assistance grants. But the court could also find after passing on the credibility and weight of the evidence that the Commission had not satisfactorily sustained its burden of proof and·that Mrs. Butler was not guilty of fraud.

█ The point of the demurrer is important. If the trial court merely heard the cause and found for the defendant on the facts we are bound by the court's finding. Schnurman v. Western Casualty & Surety Co., 352 Mo. 650, 179 S. W. (2d) 31; Ferguson v. Long, 341 Mo. 182, 107 S. W. (2d) 7. While on the other hand if the court did in fact sustain the demurrer, and the point was raised by the Commission so as to be reviewable, the court was in error because its duty, in view of substantial evidence, was to weigh the evidence and decide the case on its merits. Outcault Advertising Co. v. Mack (Mo. App.), 259 S. W. 511; Grams v. Novinger (Mo. App.), 231 S. W. 265; Saucier v. Kremer, 297 Mo. 461, 249 S. W. 640; Clark v. Atchison & Eastern Bridge Co., 324 Mo. 544, 24 S. W. (2d) 143. The court in such latter circumstance could not peremptorily direct a verdict. Central States S. & L. Assn. v. United States F. & Guar. Co., 334 Mo. 580, 66 S. W. (2d) 550.

In the view we take of the case we think it unnecessary to resolve the conflict, if there be one, or decide whether the Commission in fact raised the point in its motion for a new trial. We also assume for the purposes of this opinion that the Commission was entitled to recover had the court found from the evidence that the old age assistance grants were obtained by fraud and deceit. See and compare Montgomery County v. Gupton, 139 Mo. 303, 39 S. W. 447; Chariton County v. Hartman, 190 Mo. 71, 88 S. W. 617; County of Audrain v. Muir, 297 Mo. 499, 249 S. W. 383 and the collection of cases in 125 A. L. R. 712.

█ The record shows that after all the evidence had been introduced the lawyers, for the plaintiff and the defendant, said: "That is all." Then the record is as follows:

"Mr. Crouch: At the close of all the testimony the defendant moves the Court to declare the law to be as follows: 'At the close of the testimony the Court declares that under the law and the evidence the judgment in this case must be for the defendant.'

"The Court: I will pass on the entire case at one time.

"The Court having examined the pleadings and after hearing all the evidence adduced and hearing the arguments of counsel and being fully advised in the premises, makes the following finding of facts.

"The Court: Gentlemen, the Court is sitting as a jury in this case, the jury having been waived and I am going to pass on the evidence and make a finding as to the evidence first and then a declaration of law. In analyzing the evidence, Gentlemen, there clearly was no

case made of fraud per se. The facts themselves do not prove fraudulent misrepresentations or anything of that nature. Those facts are so small and meager I don't see how any Court or Judge could find in this case that payment of this sum of money was received from fraudulent misrepresentations. That is my construction of the evidence as to whether or not it was received by misrepresentations and fraud.

"The way I construe the evidence, Gentlemen, that it is the burden of the State to prove not beyond a reasonable doubt, but the burden is on the State to prove by the greater weight of the credible evidence that this lady did deceive the commission and misrepresented to them and made false statements to them for the purpose of obtaining more money and only upon the State proving such facts by the preponderance of the evidence or greater weight of the evidence then could I find for the State and the Court now finds the State failed to prove the facts and allegations in the petition that the money was received by anything of that nature.

"In discussing the matter here are two old people who lived very meagerly and saved small sums and there is no proof whatever to the Court that the Court could find that this lady knew her husband had a joint bank account, or that she knew he had that money in a joint account and yet there was that much money in the bank but there is no showing that she ever knew it was there to her credit as well as to her husband's and there is no evidence and there is a showing that she never checked on that or had any knowledge of that that one could gather from the evidence. She had a small amount in the Allen Banking Company and she told the investigator to talk to Mr. Clark and as to whether or not that was done, she merely told him to talk to Mr. Clark, the man that attended to her business at the bank and if she had been going to conceal anything she certainly wouldn't have given the name of her banker himself and I am not going to pass on whether or not she talked to Mr. Clark, it is not necessary to make a finding on that, but certainly she wasn't trying to conceal. Anybody with authority could have gotten the amount of money she had in the bank, if the effort had been made, if they thought she was trying to conceal facts from the Commission. The property they had I couldn't find was worth over $700.00. I know the home. It was a small home and they had a few dollars in the bank, but I can't find that the State proved that she obtained this money by fraud and misrepresentations and finding the above facts the Court declares under the law the State Commission is not entitled to recovery. The Court finds that the motion of defendant for judgment should be and the same is hereby sustained. To which ruling of the Court the plaintiff excepted and still excepts.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED by the Court that plaintiff take nothing by its action and

judgment is rendered against plaintiff for costs. To which action of the Court the plaintiff then and there excepted and still excepts."

Other than the defendant's demurrers no declarations of law were offered by either of the parties. There is nothing in the record to indicate that either of the parties requested the court "to state its finding, except generally." Mo., R. S. A., Sec. 1103. The consequence is that all that part of the record beginning with the words "Gentlemen, the court is sitting as a jury in this case," and ending with the words "To which ruling of the court the plaintiff excepted and still excepts," is a mere voluntary statement on the part of the court as to its views of the evidence and certain phases of the law. That part of the record, there being no request by either of the parties for a separate finding of the facts and the law, does not constitute a special verdict and presents no question for review. Conley v. Crown Coach Co., 348 Mo. 1243, 159 S. W. (2d) 281; Kansas City v. Boyer (Mo.), 202 S. W. 1086; Lesan Advertising Co. v. Castleman, 265 Mo. 345, 177 S. W. 597; Krieger v. Rozier Inv. Co. (Mo. App.), 253 S. W. 481; Griffith v. K. C. Material Co., 46 Mo. App. 539.

What is there in this record to show that the court sustained and gave or overruled and refused the defendant's demurrer? There is no specific formula or method the trial court must follow to show that it passed on a demurrer, a declaration of law or an instruction nor by which we may determine whether the court gave or refused a demurrer, a declaration of law or an instruction. But any fact, properly in the record, showing or clearly indicating how or that the court did as a matter of fact rule on the demurrer or refuse or give the declaration of law or instruction would suffice. 64 C. J., Sec's 586-591; 711-713; 719-722. In this case the demurrer was not marked "given" or "refused." If oral there is no statement in the record that the court sustained or refused it. The court said, following the appearance of the demurrer in the record, "I will pass on the entire case at one time." The court's voluntary remarks, even if considered, do not aid in determining whether it sustained or refused the demurrer. The record does say "The court finds that the motion for defendant for judgment should be and the same is hereby sustained" but in the previous sentence the court concluded its review of the facts and said "finding the above facts the court declares under the law that the State Commission is not entitled to recovery." The short form transcript is of no aid in this respect. It recites that at the close of the evidence the defendant moved the court to declare that under the law and the evidence judgment should be for the defendant and that "the court finds that the motion of defendant for judgment should be and the same is hereby sustained." But the previous sentence in the transcript says "The court, having examined the pleadings and hearing all the evidence adduced and hearing the arguments of counsel and being advised in the premises, makes a find-

ing of fact.'' We can only say that this record is silent, or what amounts to the same thing is conflicting, as to whether the court ruled the case on the defendant's demurrer.

In this situation, where there is substantial evidence in support of the Commission's claim and no affirmative showing that the defendant's demurrer was sustained, we must assume on this appeal that the court's judgment was based on its views as to the merits of the claim on the facts. Davis v. Sims' Estate (Mo. App.), 80 S. W. (2d) 894. We base the assumption on the presumption that the trial court acted and ruled correctly (there being no showing to the contrary) and would not, therefore, have entertained a demurrer in the face of substantial evidence. White v. Hoffman, 331 Mo. 115, 58 S. W. (2d) 830; Mastin v. Ireland, 320 Mo. 617, 8 S. W. (2d) 900.

The court's judgment ''that plaintiff take nothing by its action and judgment is rendered against plaintiff for costs,'' is such a judgment as could have been entered had it ruled the case on demurrer but it is certainly also a general finding against the plaintiff. Cochran v. Thomas, 131 Mo. 258, 33 S. W. 6. As a general judgment the only possible conclusion is that the trial court found the issuable and decisive facts in favor of the defendant and we are bound by that finding. Bank of Brimson v. Graham, 335 Mo. 1196, 76 S. W. (2d) 376; Joblin v. Illinois Surety Co., 193 Mo. App. 132, 182 S. W. 143; Tillman v. Melton, 350 Mo. 155, 165 S. W. (2d) 684; Conley v. Crown Coach Co., supra.

The respondent admits that the court was in error in assessing the costs against the State Social Security Commission. Murphy v. Limpp, 347 Mo. 249, 147 S. W. (2d) 420.

The judgment in favor of the respondent on the merits of the case is affirmed and that part of the judgment assessing costs against the appellant is reversed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.