Nanetta COEN, Appellant,

v.

Norman C. ELDRIDGE, Respondent.

No. 48259.

Supreme Court of Missouri,

Division No. 1.

June 12, 1961.

Daniel P. Reardon, Richard F. Pier, James K. Pendleton, St. Louis, for appellant.

Rader & Love, Edwin Rader, Clayton, for respondent.

HOLLINGSWORTH, Judge.

In this action plaintiff seeks to recover damages in the sum of $30,000 for personal injuries sustained when she, walking southward across Natural Bridge Boulevard in St. Louis County, Missouri, was struck and injured by defendant's east-bound automobile. Trial of her jury-waived case to the court resulted in a judgment for defendant, from which she has appealed.

A question of primary import in the decision of the merits of this appeal arises in this manner: Plaintiff was the only witness in her behalf. At the conclusion of her testimony, her counsel announced that she rested her case. Defendant's counsel thereupon requested the court to declare that no evidence had been adduced from which any negligence could be attributed to the defendant; orally moved that plaintiff's petition be dismissed at plaintiff's cost; and announced that defendant was standing on the motion and would offer no evidence. Plaintiff's counsel then stated that although he "had closed" his case, he moved "the court to put the defendant on the stand." Defendant was not present in the courtroom, and "the matter was taken under advisement by the court." Two days thereafter plaintiff filed her "motion to reopen" and to grant her leave to submit "additional evidence on the matters in issue" on grounds "that substantial justice cannot be achieved unless said motion is granted." Thereafter, the motion to reopen was sustained to the extent of allowing plaintiff to introduce into evidence a portion of a deposition priorly given by defendant, in which he had stated that his automobile was traveling not more than 25 miles an hour at the time his car struck plaintiff and that, as he remembered, his automobile

did not pass any vehicle within 300 feet of the place of the accident. The record then recites: "Whereupon, said cause was again taken under submission." Twenty-one days thereafter, the court rendered judgment reciting:

"Now again at this day come the parties hereto by their respective attorneys and this cause having been heretofore submitted to the Court upon the pleadings, evidence and proofs adduced, and the Court having seen and heard the same and being now duly and fully advised of and concerning the premises, finds the issues herein joined in favor of the defendant and against the plaintiff. Wherefore, it is ordered and adjudged by the Court that said plaintiff take nothing from said defendant on her cause of action herein and that defendant go hence without day with his costs herein incurred."

Plaintiff filed motion for judgment or, in the alternative, for a new trial, alleging (1) that the judgment was against the evidence, the weight thereof, the law, the evidence and the law, and was for the wrong party; (2) error in sustaining defendant's motion for *"judgment"* (actually a motion for *dismissal* of the petition) at the close of plaintiff's evidence; and (3) that there was no substantial evidence to support the court's findings and judgment. That motion, having remained pending and undetermined for 90 days, was deemed denied for all purposes under S.Ct.Rule 78.04, 2 V.A.M.R., and plaintiff appealed.

Plaintiff contends that defendant's motion to dismiss, orally made after plaintiff announced the closing of her case in chief, served the sole function of "the old demurrer" to the evidence, to wit: determination of whether she made a submissible case; that, in determining that question, the evidence adduced in her behalf must be viewed in the light most favorable to plaintiff; that viewed in that light the evidence made a submissible issue of defendant's humanitarian negligence, in that the trial court, sitting as the trier of the facts, could have found that after the defendant discovered, or in the exercise of the highest degree of care, should have discovered, plaintiff in a position of imminent peril, he, in the exercise of said degree of care, with the means at hand and with safety to himself, could have stopped, slackened the speed of or swerved his automobile and avoided striking plaintiff; and that the cause should be remanded for a new trial on the merits. On the other hand, defendant contends that the cause was in fact finally submitted to the court and by the court adjudged upon the merits; and that the judgment rendered on the merits, reviewed by this court in accordance with the requirements of S.Ct.Rule 73.01(d), 4 RSMo 1959, page 4990, 2 V.A.M.R., should be affirmed.

 The law is clear that if a submissible case was made and the trial court determined as a matter of law and peremptorily adjudged the case upon grounds no submissible case was made rather than adjudging it upon the merits, plaintiff is entitled to reversal and remand for determination and judgment on the merits. On the other hand, if the case was by the court adjudged on the merits, then the duty of this court on appeal is to review the judgment from the standpoint of assignments of error presented in plaintiff's brief, in accordance with the requirements of S.Ct. Rule 73.01, supra. State ex rel. State Social Security Commission v. Butler's Estate, 353 Mo. 14, 181 S.W.2d 768; Davis v. Sims' Estate, Mo.App., 80 S.W.2d 894; Central States Savings & Loan Ass'n v. United States Fidelity & Guaranty Co., 334 Mo. 580, 66 S.W.2d 550.

 We are persuaded that the record reflects beyond question that the case was submitted upon its merits and that the court so adjudged it. Briefly summarized, the transcript shows: Plaintiff rested her case in chief. Defendant orally moved for dismissal of her petition upon ground no submissible case was made. At the same time

defendant definitely closed his case with the statement he would offer no evidence. Plaintiff was permitted to reopen for the limited purpose of introducing an admission on the part of defendant. Again she closed her case or, at least, she sought to adduce no further evidence and tacitly submitted the merits of her case without further action or request. Defendant did not renew his motion to dismiss nor express any desire to offer evidence in the event the court should hold that a submissible case was made. He thereby acquiesced in the submission of the case on the merits without offering evidence, in accordance with his earlier declaration to that effect. The record then recites with solemn finality, "Whereupon, said cause was again taken under submission by the court." In due course, the court caused the judgment above set forth to be entered. It contains no reference to any consideration given to or ruling made upon defendant's motion to dismiss the petition on grounds of insufficiency of the evidence to support a verdict for plaintiff. To the contrary, the judgment squarely declares a *finding* of "the issues herein joined" in favor of defendant, adjudges that plaintiff take nothing from defendant and that defendant go hence without day with costs. Now, if plaintiff did not make a submissible case, she was in no event entitled to judgment in her favor and, consequently, cannot complain. On the other hand, if she did make a case, we must (under the record here shown) assume the integrity of the judgment according to its recitals, to wit: that the court ruled the cause upon the merits rather than dismissing it upon grounds no submissible issue was made. State ex rel. State Social Security Commission v. Butler's Estate, 353 Mo. 14, 181 S.W.2d 768, 771 [8, 9].

■ We now turn to the evidence to determine whether the finding and judgment of the court, sitting as trier of the facts, is to be sustained. In so reviewing the evidence, we are required to review it as in suits of an equitable nature and, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses, not to set the judgment aside unless clearly erroneous. S.Ct.Rule 73.01(d), 4 RSMo 1959, p. 4990, 2 V.A.M.R.; Sando v. Phillips, Mo., 319 S.W.2d 648, 652.

At 7:15 p. m. on the night of January 20, 1954, at which time there was a drizzle or mist of rain, plaintiff, walking southward along the west side of Minola Street, attempted to walk across its intersection with Natural Bridge Boulevard, a heavily traveled east-west thoroughfare, 60 feet in width, upon which three lanes north of the center thereof are provided for westbond traffic and three lanes south of the center thereof are provided for eastbound traffic. Natural Bridge, east of its intersection with Minola, is level and straight for many blocks; to the west of the intersection, it is straight (and rising) for about one and one-half blocks, at which point it curves to the northwest. There are street lights at the intersection, but (it seems) no traffic signals. As plaintiff started across the intersection, she looked to the east. There was no traffic approaching. She looked to the west, in which direction her view was unobstructed for at least one and one-half blocks, and saw no traffic approaching from that direction. Walking "pretty fast", "briskly", she continued to look to the west, but did not see defendant's car, which was eastbound in the first lane south of the center of Natural Bridge, until she reached the center of the street. It was then within 20 or 30 feet from her. She had no chance to observe its speed, only it was "fast" and was not slackened nor did the car swerve before it struck her. She also saw another eastbound car "behind and coming on the side of his (defendant's) car." Her first reaction was to try to get to the other side, but then "I thought I would get back to the center where I knew they would pass me, but I didn't make it. * * * I thought I could step back and get back to the center where I wouldn't be hit."

Plaintiff insists that the trial court, taking judicial notice of (1) the walking speed

of a pedestrian, (2) the distance traveled per second by defendant's car (admittedly traveling at 25 miles an hour), (3) the re-action time of motorists, (4) the stopping distance of an automobile traveling at 25 miles an hour, (5) the commonly known fact that modern automobiles can be turned easily, and (6) the commonly known fact that automobile headlights reveal objects ahead and laterally, should have held that a submissible humanitarian case was made and that the evidence, when properly weighed, requires judgment in favor of plaintiff.

█ Without deciding whether a sub-missible case was made, we shall, for the purpose of this opinion, assume it was. But, inasmuch as, in cases such as is here presented, plaintiff always carries the risk of non-persuasion of the trier of the facts in issue, we have no hesitancy in affirming the finding of the trial court. The judg-ment should be and is affirmed.

All concur.