**SCHOOL SERVICES OF MISSOURI, INC.,**
**Appellant,**

v.

**Buddy G. CATON, Respondent.**

**No. 24664.**

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Lynn B. Nelson, Kansas City, for appellant.

Louis Wagner, Kansas City, for respondent.

HOWARD, Presiding Judge.

This is a suit on a promissory note for the face amount of $1,000.00, together with $100.00 attorney's fees, wherein trial to the court without a jury resulted in a judgment for the respondent, maker of the note. Appellant has duly appealed to this court.

The respondent, Buddy Caton, enrolled for a series of dance lessons at the Fred Astaire Studio in Kansas City, Missouri. Appellant contends that the promissory note in the amount of $1,000.00 payable to Fred Astaire Studio was given in payment of this course of dance lessons. The note was sold to appellant on the day after its date. Appellant sues thereon claiming to be a holder in due course and thus not subject to the defenses that Caton might have against the payee, Fred Astaire Studio. Respondent defends on the basis of fraud, contending that he was induced to sign the note in blank, and upon a failure of consideration, contending that he never received the dance lessons for which the note was given, and that appellant took the note with knowledge

of such infirmities. It appears that on the date in question, appellant bought an unspecified number of notes from the Fred Astaire Studio for which he paid $10,000.00 and among which was respondent's note. At that time, appellant was buying all of the notes of the studio and under this arrangement he purchased a large number of notes, the total number being well over 100. In the view we take of the case, a more detailed statement of the facts and issues is not required.

Appellant's brief contains only one assignment under Points and Authorities. This reads in its entirety "The Court Erred Because the Finding and Judgment of the Court Are Against the Weight of the Credible Evidence". We have concluded that this point presents nothing for review and because of this violation of Civil Rule 83.05, V.A.M.S., this appeal must be dismissed. Civil Rule 83.05 sets out the requirements for briefs on appeal. 83.05(a) (3) requires that the brief for appellant shall contain: "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder; * * *" It is further provided in Rule 83.05(e) that "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

■ The point as it appears in appellant's brief only sets out that the decision of the trial court is "against the weight of the credible evidence". It has repeatedly been held that such a statement that the verdict or judgment or decision of the Court is "against the weight of the evidence" constitutes only an abstract statement, in violation of the specific provision

of Civil Rule 83.05 quoted above, and that such an abstract statement presents nothing for review on appeal and further that the question concerning the weight of the evidence attempts to present a matter which is essentially for the consideration of the trial court and is not a matter which is ordinarily considered by the appellate court. Among the many cases so holding, see Stanziale v. Musick, Mo., 370 S.W.2d 261; In re Hyman's Adoption, Mo.App., 297 S.W.2d 1; and Paro v. Pennsylvania Railroad Company, Mo.App., 348 S.W.2d 613.

■ The point relied on does not state why appellant is contending that the court was wrong in its decision. If we were to attempt an appellate review based upon this point, we would be required to perform the duties of counsel for appellant and search the record on appeal as well as the argument portion of the brief of appellant in order to ascertain appellant's contentions and determine whether or not the trial court erred. It is the duty of counsel to perform this function and not the duty of the appellate court. See, in addition to the cases heretofore cited, Ambrose v. MFA Co-operative Association of St. Elizabeth, Mo., 266 S.W.2d 647, and Jones v. Farm Bureau Mutual Insurance Company, Mo.App., 284 S.W.2d 11.

■ Appellate review is properly limited under the civil rules to the assignments of error appearing in appellant's brief and to those assignments of error which are properly set out according to the requirements of the rule. See Coen v. Eldridge, Mo., 347 S.W.2d 207, and State v. Brookshire, Mo., 325 S.W.2d 497.

■ As to court tried cases, as contrasted to jury tried cases, Civil Rule 73.01(d), V.A.M.S., provides that on appeal: "The question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court. The appellant court shall review the case upon both the law and the evidence as in suits of an equitable nature.

The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.". In Robbins v. Robbins, Mo., 328 S.W.2d 552, it was pointed out that an assignment that the verdict was against the weight of the evidence implies that there is some evidence to support the verdict and from the very nature of things, such an assignment indicates that the case is not one of the absence of evidence but goes only to the weight of the evidence adduced. It would, therefore, appear that the appellant's point which questions only the weight of the evidence does not purport to, and is not sufficient to raise the question of the sufficiency of the evidence to support the decision of the trial court.

 While Civil Rule 73.01 requires us to review the case upon both the law and the evidence as in suits of equitable nature, it does not require us to ourselves search the record for any and all possible error; it does not require that we should substitute ourselves for the trial court in determining the question of the weight of the evidence, which is essentially a matter to be passed on by the trial court in its discretion; and it does not relieve the appellant's attorney from his duty to comply with the mandatory provisions as to the contents of the brief of appellant, contained in Civil Rule 83.05, heretofore set out. Furthermore, Civil Rule 73.01 commands that the judgment shall not be set aside unless clearly erroneous and that we give deference to the trial court's opportunity to judge the credibility of the witnesses. We do defer to this opportunity in the instant case. There were conflicts in the evidence and furthermore, even as to matters on which the evidence was not conflicting, the trial court is not bound to believe all of the testimony of each and every uncontradicted witness. As to this matter of credibility and deference of the appellate court to the trial court's ability to judge thereof, see Mueller v. Mueller, Mo., 318 S.W.2d 365.

We, therefore, conclude that nothing is properly presented to us for review in this case because the single point set out in appellant's brief is defective as heretofore noted. Further, we have, ex gratia, carefully examined the transcript in the case and the one exhibit which is attached to appellant's brief. The transcript contains a stipulation that the exhibits would be filed separately with this court. Appellate has not seen fit to comply with this stipulation and we, therefore, have not had the benefit of examining the other exhibits in this case. From what we are able to glean from the argument portion of appellant's brief and our careful study of the transcript, we have concluded that, in any event, the judgment of the trial court is not clearly erroneous, as required by Civil Rule 73.01 before we are authorized to disturb it.

For the foregoing reasons, this appeal is hereby dismissed.

All concur.